608 A.2d 1020

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Henry A. SHANNON, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 23, 1991.

Decided May 15, 1992.

Lester G. Nauhaus, Public Defender, Shelley Stark, Chief–Appellate Div., and Suzanne M. Swan, Asst. Public Defender, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Claire C. Capristo, Deputy Dist. Atty., Kemal A. Mericli, and Edward Marcus Clark, Asst. Dist. Attys., Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION ANNOUNCING THE JUDGMENT OF THE COURT

ZAPPALA, Justice.

We granted Appellant Henry A. Shannon's Petition for Allowance of Appeal to address two issues. The first of these issues is whether trial counsel was ineffective for failing to subpoena known alibi witnesses or request a continuance when it became apparent that the alibi witnesses would not voluntarily appear for trial. We are also asked to determine whether the imposition of separate sentences for convictions on subsections (2) and (5) of 18 Pa.C.S. § 3123 arising from a single act constitutes an illegal sentence.

The relevant facts underlying the case *sub judice* are that Appellant was arrested on July 26, 1986 and charged

with rape, 18 Pa.C.S. § 3121 and involuntary deviate sexual intercourse, 18 Pa.C.S. § 3123(1), of his paramour's fifteen year old daughter on June 27, 1986. Following a preliminary hearing on August 26, 1986, Appellant was held for trial on both charges. On October 9, 1986, the Commonwealth lodged a criminal information against Appellant charging him with rape, 18 Pa.C.S. § 3121(1); involuntary deviate sexual intercourse, 18 Pa.C.S. § 3123(1) and (2); and a second count of involuntary deviate sexual intercourse, 18 Pa.C.S. § 3123(5).

At the January 13, 1987 non-jury trial, the prosecutrix testified that on June 27, 1986, at 12:00 A.M., while babysitting her younger brother and sister, she heard a knock at the front door. When she arrived downstairs, the prosecutrix testified that she saw Appellant, her mother's boyfriend, at the door and let him into the house. She told Appellant that her mother was not at home but was expected soon and he could wait for her mother in the living room. Instead, Appellant followed the prosecutrix to her bedroom where, according to the prosecutrix, he raped her and then performed oral intercourse on her. Appellant then admonished her not to tell or else. The prosecutrix's mother testified that she learned of the incident one month later when Appellant suggested that her daughter join them for group sex. It was the prosecutrix's mother's testimony that when she expressed surprise at the suggestion, Appellant related what had occurred a month earlier. She immediately confronted her daughter who for the first time admitted the incident had happened.

Appellant, then a regional vice president with Southern Equipment Company of Chattanooga, Tennessee, testified that during the period in question he had driven from his home in Pittsburgh, Pennsylvania, to Chattanooga, Tennessee, to attend a week-long meeting at the Southern Equipment Company offices. While in Chattanooga, Appellant testified that he stayed at the home of Southern Equipment's President and Chief Executive Officer, Michael Atkinson. Appellant testified that he was asleep at the Atkin-

son house when the incident occurred. It was also Appellant's testimony that he called his wife, Leartta Knorr Shannon, who was in Pittsburgh from Michael Atkinson's home during the relevant time period. Appellant then testified that he drove from Chattanooga to Pittsburgh on the day after the incident. Appellant concluded his testimony by discussing his relationship with the prosecutrix's mother. The only other defense witness to testify was Leartta Shannon. Her testimony corroborated her husband's alibi defense.

Following trial, Appellant was found guilty of all the charges. Appellant's trial counsel subsequently filed a petition to withdraw as counsel which was granted. Newly appointed counsel then filed an amended motion for a new trial and/or in arrest of judgment, which *inter alia* alleged trial counsel's ineffectiveness in failing to subpoena alibi witnesses for trial or seek a continuance to ensure their appearance. An evidentiary hearing was held on the ineffectiveness claim. The alibi witnesses were not present for the hearing. Appellant was denied post trial relief. Thereafter, Appellant was sentenced to a term of ten to twenty years imprisonment on the rape count; a concurrent term of five to twenty years imprisonment on the first involuntary deviate sexual intercourse count; and to ten years probation on the second involuntary deviate sexual intercourse count which was to commence following the term of imprisonment. A motion to modify sentence was denied. On appeal, the Superior Court affirmed the judgment of sentence. *Commonwealth v. Shannon*, 393 Pa.Super. 640, 564 A.2d 1007 (1989).

Appellant contends that his trial counsel's testimony at the evidentiary hearing established that the missing witnesses would have provided Appellant with an alibi. For this reason, Appellant argues that his trial counsel was ineffective for failing to subpoena those witnesses or request a continuance to ensure their appearance at trial.

In *Commonwealth v. Hentosh*, 520 Pa. 325, 554 A.2d 20 (1989), we addressed the Commonwealth's contention that

Hentosh failed to prove at an evidentiary hearing that his trial counsel was ineffective by not subpoenaing two defense witnesses. Hentosh was convicted of burglary, receiving stolen property and criminal conspiracy in connection with a coin collection and other items that were stolen from a person who had discussed his coin collection with Hentosh. Hentosh was engaged in the business of buying and selling gold and silver. In a memorandum in support of Hentosh's request for a new trial submitted after the evidentiary hearing on remand, Hentosh specifically asserted that the testimony of one of his employees, Lori Morford, was critical to the defense in that her testimony would have impeached the testimony of the two admitted burglars. Additionally, Hentosh asserted that prior to trial he had requested his attorney to subpoena Officers Sherbondy and Pinkle whose testimony would have destroyed the credibility of a Commonwealth witness. Only Lori Morford testified at the evidentiary hearing.

Utilizing the ineffectiveness standard set forth in *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987), we began to examine Hentosh's claim by stating:

> In conducting this analysis it is important to bear in mind that allegations of the deprivation of the right to effective representation of counsel are not self sustaining. The burden of proof of the allegations remains with the claimant, their accuracy still to be established by his submission of relevant proofs. [Citations Omitted] ... *Requisite to this examination is proof of the substance of that to which they would have testified had they been summoned to trial.*

*Commonwealth v. Hentosh,* 520 Pa. at 334, 554 A.2d at 24–25 (emphasis added).

We then examined the Hentosh record and found that Officer Sherbondy did not appear at the evidentiary hearing. The record also revealed that although Lori Morford did appear at the hearing she was not asked any question relating to her knowledge of the events other than the day following the burglary. She could not have impeached the

testimony of the two burglars. Without proof of what the evidence would have been we were unable to draw any conclusion as to whether it would have been helpful to Hentosh's defense or that the course of action not pursued by counsel offered a chance of success greater than that actually followed. We concluded that Hentosh failed to sustain his burden of demonstrating trial counsel's ineffectiveness.

A review of the record in the case *sub judice* reveals that none of the alleged alibi witnesses appeared at the evidentiary hearing and therefore the record is void of the proof of the substance of their evidence. The Superior Court therefore properly relied on *Commonwealth v. Hentosh,* supra, to conclude that Appellant failed to sustain his burden of demonstrating that trial counsel's failure to subpoena the witnesses or request a continuance constituted ineffectiveness.

Notwithstanding this analysis, Appellant now claims that post-trial counsel was ineffective for failing to procure the alleged alibi witnesses to establish that their testimony would have benefitted Appellant. The Commonwealth contends that Appellant waived this claim because he did not file a reply brief in Superior Court to address the Commonwealth's theory that Appellant had failed to sustain his evidentiary burden in rebutting trial counsel's presumed effectiveness.

It is well established that the ineffectiveness of prior counsel must be raised as an issue at the earliest stage in the proceedings at which the counsel whose effectiveness is being challenged no longer represents the defendant. *Commonwealth v. Hubbard,* 472 Pa. 259, 276–277 n. 6, 372 A.2d 687, 695 n. 6 (1977).

The record reflects that Appellant's post-trial counsel and appellate counsel are not the same person. Nevertheless, they are both members of the public defender's office. Appellant's claim cannot be deemed to have been waived because the public defender's office still represents Appel-

lant. Consequently, by raising post-trial counsel's ineffectiveness, Appellant's appellate counsel has asserted in essence a claim of her own ineffectiveness because post-trial counsel and she are members of the public defender's office.

■ In *Commonwealth v. McBee*, 513 Pa. 255, 520 A.2d 10 (1986), we established that when appellate counsel asserts a claim of his or her own ineffective assistance of counsel on direct appeal, the case should be remanded for the appointment of new counsel except (1) where, it is clear from the record that counsel was ineffective or (2) where it is clear from the record that the ineffectiveness claim is meritless.

It is not clear from the record that counsel was ineffective or the ineffectiveness claim is meritless absent testimony from the missing alibi witnesses. For this reason, the case is remanded to the trial court for appointment of new counsel and to conduct an evidentiary hearing to resolve the ineffectiveness claims.

■ Next, Appellant contends that the imposition of separate sentences for convictions on subsections (2) and (5) of 18 Pa.C.S. § 3123 arising from a single act constitutes an illegal sentence. The Commonwealth agrees.

It is well established that the defendant or the Commonwealth may appeal as of right the legality of the sentence. See 42 Pa.C.S. § 9781(a) and *Commonwealth v. Jones*, 523 Pa. 138, 565 A.2d 732 (1989). Furthermore, we have held that a challenge to a sentence which is unlawful per se is not waived where it is raised for the first time on appeal. *Commonwealth v. Isabell*, 503 Pa. 2, 9, 467 A.2d 1287, 1290 (1983) citing *Commonwealth v. Norris*, 498 Pa. 308, 446 A.2d 246 (1982).

The issue of whether or not an illegal sentence has been imposed necessitates the examination of the subject criminal statute. The statute provides:

### § 3123. Involuntary deviate sexual intercourse

A person commits a felony of the first degree when he engages in deviate sexual intercourse with another person:

(1) by forcible compulsion;

(2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;

(3) who is unconscious;

(4) who is so mentally deranged or deficient that such person is incapable of consent; or

(5) who is less than 16 years of age.

18 Pa.C.S. § 3123.

We are guided in our analysis of this statute by 18 Pa.C.S. § 105 which states that criminal statutes shall be construed according to the fair import of their terms.

The plain language of 18 Pa.C.S. § 3123 makes clear that the statute establishes the crime of involuntary deviate sexual intercourse. Within this statutory framework, the elements of the crime set forth the involuntary non-consensual acts which are proscribed. The first two subsections of 18 Pa.C.S. § 3123 contemplate the use or threat of force. Subsections (3) and (4) indicate that neither an unconscious nor mentally deficient person may engage voluntarily in deviate sexual intercourse. Similarly, subsection (5) identifies another category of person, a child under the age of 16, as being incapable of voluntarily engaging in such conduct. This conclusion is reached based upon the operative word "or" in subsection (4).

We glean from this examination that the fair import of the statute's terms including its five subsections 18 Pa.C.S. § 3123 reveals a design to proscribe the same harm, involuntary deviate sexual intercourse. Therefore each subsection of the statute provides an alternative basis upon which the crime can be established.

Appellant was sentenced to ten to twenty years imprisonment for his conviction on 18 Pa.C.S. § 3123(2) and to ten years probation for his conviction on 18 Pa.C.S. § 3123(5). The imposition of separate sentence for the two counts of

involuntary deviate sexual intercourse arising from a single act was beyond the authority of the trial court.

The order of the Superior Court affirming the judgment of sentence of the Court of Common Pleas of Allegheny County is reversed. Appellant's sentence at count three, 18 Pa.C.S. § 3123(5) is vacated and the case is remanded to the Court of Common Pleas for appointment of new counsel for Appellant and an evidentiary hearing conducted to resolve the ineffectiveness claims.

Jurisdiction relinquished.

CAPPY, J., did not participate in the consideration or decision of this case.

NIX, C.J., and McDERMOTT, J., concur in the result.

LARSEN, J., files a concurring and dissenting opinion.

ROLF LARSEN, Justice, concurring and dissenting.

I concur in that portion of the opinion and order of the majority remanding the case to the Court of Common Pleas for the appointment of new counsel and for an evidentiary hearing with regard to Appellant's ineffectiveness claim. However, I dissent from that portion of opinion and order vacating Appellant's sentence for conviction of involuntary deviate sexual intercourse with another person who is less than 16 years of age. 18 Pa.C.S.A. § 3123(5).

In the instant case Appellant forced the 15 year old daughter of his mistress to engage in vaginal and oral intercourse. Appellant was charged in the Court of Common Pleas of Allegheny County with of one count of rape, 18 Pa.C.S.A. § 3121(1),[1] and two counts of involuntary devi-

---

1. **Rape**
   A person commits a felony of the first degree when he engages in sexual intercourse with another person not his spouse:
   (1) by forcible compulsion;
   (2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;
   (3) who is unconscious; or
   (4) who is so mentally deranged or deficient that such person is incapable of consent.

ate sexual intercourse, 18 Pa.C.S.A. § 3123(2) (by threat of forcible compulsion) and (5) (with another person who is less than 16 years of age).[2] On January 13, 1987, in a non-jury trial before the Honorable John W. O'Brien, Appellant was convicted of all the charges.

On January 15, 1987, the Commonwealth notified the Appellant of its intention to proceed under the mandatory minimum sentencing provisions of 42 Pa.C.S.A. § 9718.[3] This section of the sentencing code provides that a person convicted of rape or involuntary deviate sexual intercourse when the victim is under 16 years of age shall be sentenced to a mandatory term of imprisonment of not less than five years. As noted above, the victim in this case was only 15 years old.

At a sentencing hearing on May 4, 1988, the Commonwealth argued (and I agree) that Appellant should receive a substantial period of incarceration in excess of the mandatory minimum required in 42 Pa.C.S.A. § 9718. Judge O'Brien sentenced Appellant as follows:

As to the first count of rape, I am going to sentence the defendant to not less than 10 years nor more than 20 years.... At count two the charge of involuntary deviate sexual intercourse, it will be the sentence of this

Whenever the term "rape" is used in this title or any other title, it is deemed to include spousal sexual assault as further defined in section 3128 (relating to spousal sexual assault).
18 Pa.C.S.A. § 3121 (Purdon, 1983).

**2. Involuntary deviate sexual intercourse**
A person commits a felony of the first degree when he engages in deviate sexual intercourse with another person:
    (1) by forcible compulsion;
    (2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;
    (3) who is unconscious;
    (4) who is so mentally deranged or deficient that such person is incapable of consent; or
    (5) who is less than 16 years of age.
18 Pa.C.S.A. § 3123 (Purdon, 1983).

**3.** The Commonwealth also gave notice of its intention to proceed under 42 Pa.C.S.A. § 9714. Section 9714 is a recidivist statute which carries a mandatory minimum sentence of five years. Appellant had a prior conviction for a rape on February 11, 1983.

Court that the defendant to (sic) serve not less than 5 years nor more than 20 years. I will make that sentence concurrent with the 10 to 20 year sentence. On the third count of deviate sexual intercourse, I would place the defendant on a 10 year probation effective at the end of the sentence at count one. So in effect, the defendant has 10 to 20 years sentence where he will be under the jurisdiction of the Pennsylvania Board of Probation and Parole until he is age 57 and so they will have a handle on him.

Sentencing Transcript at p. 13–14 (May 4, 1988).

Post trial motions and a separate motion to modify sentence were denied by the trial Court. On appeal the Superior Court affirmed the judgement of sentence. In his appeal to this Court Appellant argues (for the first time) that the imposition of separate sentences for convictions on subsections (2) (involuntary deviate sexual intercourse by threat of forcible compulsion, and (5) involuntary deviate sexual intercourse with another person who is less than 15 years of age) constitutes an illegal sentence.

In its opinion the majority has determined that "the fair import of the statute's terms ... including its five subsections reveals a design to proscribe the same harm." Op. at p. 1024. The majority concludes, in cursory fashion, that the imposition of separate sentences for the two counts of involuntary deviate sexual intercourse arising from a single act was beyond the authority of the trial court. I disagree.

The majority has completely overlooked this Court's unequivocal rejection of the "single act" theory of the doctrine of merger in *Commonwealth v. Rhodes*, 510 Pa. 537, 510 A.2d 1217 (1986) an opinion authored by this writer. The clear mandate of our holding in *Rhodes*, is that a single act of sexual intercourse with a victim who is under the age of fourteen years may constitute rape as well as statutory rape where the elements of each distinct offense have been proven beyond a reasonable doubt. In *Rhodes* we held that neither "double jeopardy principles [nor] the doctrine of lesser included offenses prohibit the conviction and *sen-*

*tence* for both rape and statutory rape arising from a single act of sexual intercourse". *Id.*, 510 Pa. at 561, 510 A.2d at 1217 (emphasis added). The language from our opinion in *Rhodes* is instructive.

> ... the Commonwealth has suffered two injuries from appellee's single act in that he not only engaged in sexual intercourse by forcible compulsion ..., he also engaged in such acts with a victim under the statutory age.... The separate injuries are proscribed by separate offenses with distinct elements.

*Id.*, 510 Pa. at 562, 510 A.2d at 1230.

Similarly, in *Commonwealth v. Sayko*, 511 Pa. 610, 515 A.2d 894 (1986), we upheld separate sentences for the crimes of indecent exposure, indecent assault, and corrupting the morals of a minor stating that the crimes do not merge for purposes of sentencing because each of the crimes contain different elements designed to protect "fundamentally" different Commonwealth interests. As Justice McDermott pointed out in *Sayko* "the corruption of a minor child, can only be committed against a minor child, hence the interest to be protected and the age of the victim are elements different from those of indecent assault and indecent exposure which offenses can be perpetrated against anyone, young or old." *Id.*, 511 Pa. at 613–614, 515 A.2d at 896. Hence, Sayko's sentences of one to two years for indecent exposure, one to two years for indecent assault and five years probation for corrupting the morals of a minor did not merge merely because they were committed against the same child at the same time; ie., during a single criminal transaction.

Undoubtedly, our holdings in *Rhodes* and *Sayko* should apply with equal force and vigor in the instant case. In this case, the Commonwealth suffered two injuries from Appellants single act in that he not only performed oral sex upon the victim by threat of forcible compulsion but also performed oral sex upon a victim under the statutory age. Subsections (1) through (4) of § 3123 proscribe involuntary deviate sexual intercourse against anyone young or old.

Subsection § 3123(5), however, was enacted to protect a different interest—*deviate sexual intercourse against children*—and requires proof of an additional element—that the victim is less than 16 years of age. As with statutory rape, consent is not an issue nor a defense with regard to § 3123(5). Further evidence of the separateness of the offenses and the difference in the interest to be protected is found in 42 Pa.C.S.A. § 9718 which requires a mandatory minimum sentence of five years for conviction of involuntary deviate sexual intercourse when the victim is under 16 years of age.

Appellant herein was convicted of rape, involuntary deviate sexual intercourse by threat of forcible compulsion and involuntary deviate sexual intercourse with another person who is less than 16 years of age. The mandatory sentencing provisions of 42 Pa.C.S.A. § 9718 required that Appellant be sentenced to a mandatory minimum term of imprisonment of five years for his convictions of rape and "statutory" involuntary deviate sexual intercourse. Judge O'Brien sentenced Appellant to ten to twenty years on the charge of rape, a concurrent term of five to twenty years on one charge of involuntary deviate sexual intercourse and a consecutive term of ten to twenty years probation on the second charge of involuntary deviate sexual intercourse. Unlike the majority, I believe that the Appellant should serve the additional consecutive term of ten to twenty years probation lawfully imposed by Judge O'Brien.