682 A.2d 388

**COMMONWEALTH of Pennsylvania**

**v.**

**Fred DOBBS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 18, 1996.

Filed Aug. 29, 1996.

Joseph P. Burt, Public Defender, Erie, for appellant.

Christian A. Trabold, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before BECK, TAMILIA and POPOVICH, JJ.

BECK, Judge:

We address the merger of sentences for aggravated assault and reckless endangerment in light of *Commonwealth v. Anderson*, 538 Pa. 574, 650 A.2d 20 (1994). We also address the merger of sentences where appellant has been found guilty of two separate sections of the aggravated assault statute.

Appellant insists his sentences for aggravated assault merge with his sentences for reckless endangerment. He also argues that the merger doctrine prevents the court from sentencing him separately for violating two different sections of the aggravated assault statute. We agree with appellant and remand for resentencing.

At trial, the Commonwealth proved that appellant approached Antonio Bolden and Dennis Robinson in a parked automobile and, after a verbal exchange with Bolden, opened fire on the vehicle. Bolden was struck in the shoulder by one of the bullets fired from appellant's weapon.

With respect to the victim Robinson, the jury found appellant guilty of one count each of Aggravated Assault, 18 Pa.C.S.A. § 2702(a)(1), Recklessly Endangering Another Person, 18 Pa.C.S.A. § 2705, and Terroristic Threats, 18 Pa. C.S.A. § 2706. As to the victim Bolden, appellant was convicted of two counts of Aggravated Assault, § 2702(a)(1) and (a)(4), one count of Recklessly Endangering Another Person and one count of Terroristic Threats. Appellant also was found guilty of Carrying a Firearm Without a License, 18 Pa.C.S.A. § 6106.[1] The court imposed consecutive sentences for all of the charges resulting in an aggregate sentence of ten years and three months to twenty-four years in prison.

Appellant first asserts that the two counts of aggravated assault on Bolden, 18 Pa.C.S.A. § 2702(a)(1) and (a)(4), should have merged for sentencing purposes. Also, as to the crimes against Bolden and Robinson, he claims that the reckless endangerment charges, 18 Pa.C.S.A. § 2705, should have merged into the aggravated assault charges for sentencing

---

1. At the close of the evidence, the court entered judgments of acquittal on two counts of Attempted Murder, 18 Pa.C.S.A. § 901.

purposes. Finally, he alleges an abuse of discretion generally in that his sentence was manifestly excessive, "especially as to consecutiveness."

The test for determining whether crimes merge for sentencing purposes was clarified recently by our supreme court in *Commonwealth v. Anderson, supra.* There, the court set forth the following rule:

We now hold that in all criminal cases, the same facts may support multiple convictions and separate sentences for each conviction except in cases where the offenses are greater and lesser included offenses.

*Id.* at 578, 650 A.2d at 22.

It is important to note that despite the fact that the *Anderson* lesser included offense standard is a strict, "bright line" test, the *Anderson* court applied principles of common sense in reaching its conclusion. The question in *Anderson* was whether aggravated assault merged with attempted murder for sentencing purposes. When the issue was before an en banc panel of this court, we found no merger because the two crimes required distinct mental states, *i.e.,* for attempted murder the specific intent to kill and for aggravated assault the intentional, knowing or reckless infliction of serious bodily injury. We further distinguished the two statutes on the basis of the type of injury required. Finally, we reasoned that aggravated assault, a felony of the first degree, could not be a lesser included offense of, or merge with, attempted murder, a felony of the second degree.

Our supreme court rejected all of those arguments. After clearly setting forth the lesser included offense standard, it approached the issue in practical terms and stated:

The act necessary to establish the offense of attempted murder—a substantial step toward an intentional killing—includes, indeed, coincides with, the same act which was necessary to establish the offense of aggravated assault, namely, the infliction of serious bodily injury. Likewise, the intent necessary to establish the offense of attempted murder—specific intent to kill—is greater than and necessarily

includes the intentional, knowing, or reckless infliction of serious bodily injury, the intent required for aggravated assault. It is tautologous that one cannot kill without inflicting serious bodily injury. Inasmuch as aggravated assault, the lesser offense contains some, but not all of the elements of the greater offense, attempted murder, the offenses merge for purposes of sentencing.

*Id.* at 582, 650 A.2d at 24 (citations omitted).

■ With the proper standard in mind, we begin our analysis by reviewing the statutory requirements of the crimes at issue. We first address the merger of reckless endangerment and aggravated assault. The reckless endangerment statute provides:

A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

18 Pa.C.S.A. § 2705.

The aggravated assault statute, in pertinent part, provides that a person is guilty if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

\* \* \* \* \* \*

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon. . . .

18 Pa.C.S.A. § 2702(a).

If we were deciding this issue prior to *Anderson*, an indepth analysis of merger would be unnecessary since numerous cases decided before 1994 held that reckless endangerment is a lesser included offense of not only aggravated assault, but a number of other crimes, including murder. *See e.g., Commonwealth v. Musselman*, 483 Pa. 245, 396 A.2d 625 (1979) (reckless endangerment is a lesser included offense of murder); *Commonwealth v. Mosley*, 401 Pa.Super. 537, 585 A.2d 1057 (reckless endangerment is a lesser included offense of aggravated assault), *appeal denied,* 529 Pa. 633,

600 A.2d 952 (1991); *Commonwealth v. Tipton,* 396 Pa.Super. 402, 578 A.2d 964 (1990) (reckless endangerment merges with involuntary manslaughter); *Commonwealth v. Boettcher,* 313 Pa.Super. 194, 459 A.2d 806 (1983) (crimes of reckless endangerment, simple assault and aggravated assault merge for sentencing purposes); *Commonwealth v. Griffin,* 310 Pa.Super. 39, 456 A.2d 171 (1983) (reckless endangerment is a lesser included offense of attempted murder).

Our inquiry then is whether *Anderson* changes the rationale of the above-cited cases. We find that it does not. Instead, the logical approach fashioned by the *Anderson* court strengthens the holdings of the previous cases. Once the prosecution has proved that an individual caused or attempted to cause serious bodily injury under circumstances manifesting an extreme indifference to the value of human life, it also has established that the same person recklessly engaged in conduct that placed or may have placed another person in danger of death or serious bodily injury. Every element of reckless endangerment is subsumed in the elements of aggravated assault.

The Commonwealth argues that reckless endangerment cannot be a lesser included offense of aggravated assault because the statutes require different mental states. We reject that argument for several reasons. First, the language of the aggravated assault statute plainly applies to reckless as well as knowing and intentional conduct. Second, crimes requiring reckless states of mind consistently have been deemed lesser included offenses of specific intent crimes. *See e.g., Musselman, supra; Boettcher, supra; Griffin, supra.* Third, *Anderson* addressed this issue in the context of attempted murder and stated:

> [T]he intent necessary to establish the offense of attempted murder—specific intent to kill—*is greater than and necessarily includes* the intentional, knowing or reckless infliction of serious bodily injury. . . .

*Anderson, supra,* 538 Pa. at 582, 650 A.2d at 24.

Clearly, the requirement of a specific mental state in a greater crime does not prevent a crime requiring merely

reckless conduct from being a lesser included offense.[2] We have no trouble concluding that reckless endangerment continues to be a lesser included offense of aggravated assault. Therefore, each of appellant's reckless endangerment charges should have merged for sentencing purposes with the related aggravated assault charge for each victim.

Appellant next argues that the merger doctrine forbids the trial court from sentencing him separately for convictions of two different provisions of the assault statute, 18 Pa.C.S.A. §§ 2702(a)(1) and (a)(4). To resolve this challenge we need not engage in the traditional merger analysis of lesser and greater included offenses. Instead we examine the rationale favoring merger where a defendant has engaged in a single criminal act and he is found guilty of violating more than one section of a statute. If the sections that appellant has violated are designed to proscribe a single harm and the defendant in violating them committed one act, then the sentences merge. Otherwise the sentences would constitute more than one punishment for the same crime and be impermissible as violative of double jeopardy.

In *Commonwealth v. Shannon*, 530 Pa. 279, 608 A.2d 1020 (1992), the supreme court was asked to consider "whether the imposition of separate sentences for convictions on subsections (2) and (5) of 18 Pa.C.S. § 3123 arising from a single act constitute[d] an illegal sentence." *Id.* at 279, 608 A.2d at 1020. The appellant in *Shannon* was convicted of and sentenced for, *inter alia*, two counts of involuntary deviate sexual intercourse (IDSI) based on a single episode wherein he engaged in sexual acts with his paramour's daughter.

The *Shannon* court looked at the plain language of the statute as well as its structure and determined that:

2. The Commonwealth relies on *Commonwealth v. Perdue*, 387 Pa.Super. 473, 564 A.2d 489 (1989), *appeal denied*, 524 Pa. 627, 574 A.2d 68 (1990). In determining whether criminal mischief and institutional vandalism merged for sentencing purposes, the *Perdue* court noted the different mental states required for each crime. However, the court also noted that the two crimes each contained an element the other did not. *See id.*, 387 Pa.Super. at 488, 564 A.2d at 497. *Perdue* was decided prior to *Anderson* and does not preclude our holding today.

[T]he fair import of the statute's terms including its five subsections reveals a design to proscribe the same harm, involuntary deviate sexual intercourse. Therefore, each subsection of the statute provides an alternative basis upon which the crime can be established.

*Id.* at 286, 608 A.2d at 1024.

In finding that the imposition of separate sentences for the two counts of IDSI arising from a single act was "beyond the authority of the trial court," the court relied on the framework of the IDSI statute, particularly the use of the word "or" to separate its subsections. *Shannon*, a plurality opinion, stands for the proposition that where a single act is charged, a criminal defendant cannot be sentenced for violating two subsections of the same statute despite the fact that the evidence supports both convictions.

This court adopted the *Shannon* rationale in *Commonwealth v. Rhoads*, 431 Pa.Super. 437, 636 A.2d 1166 (1994). The appellant in *Rhoads*, who had committed a single act of shooting his victim in the chest with a gun he did not know was loaded, was found guilty of two subsections of the simple assault statute, 18 Pa.C.S.A. § 2701. The *Rhoads* court noted that "in order to support the imposition of more than one sentence, it must be found that the defendant's conduct constituted more than one injury to the Commonwealth." *Id.* at 441, 636 A.2d at 1168 (quoting from *Commonwealth v. Whetstine*, 344 Pa.Super. 246, 496 A.2d 777 (1985)).

Relying on the *Shannon* court's reasoning, the *Rhoads* court found that the simple assault statute, like the IDSI statute, was disjunctive and each subsection provided an alternative basis for finding culpability. *Id.*, 636 A.2d at 1167. As a result, the appellant could not be sentenced twice for violating the same statute.[3]

In *Commonwealth v. Owens*, 437 Pa.Super. 64, 649 A.2d 129 (1994), this court relied on *Shannon* and *Rhoads* to hold that a

---

3. The *Rhoads* court discussed and distinguished case law regarding lesser included offenses. It determined that the basis for its conclusion was different from, and not controlled by, that doctrine.

criminal defendant charged with a single act cannot be sentenced for more than one conviction of Indecent Assault, 18 Pa.C.S.A. § 3126.

■ The rationale of *Shannon, Rhoads* and *Owens* applies equally to the aggravated assault statute. Section 2702 presents five alternative bases for culpability. Where only one act is at issue, here the attack on Antonio Bolden, only one sentence is appropriate. "While a defendant's conduct might fall under more than one subsection, it does not then follow that more than one punishment is authorized .... . [S]uch an extension of logic runs afoul of fundamental principles of double jeopardy prohibiting multiple punishments for the same offense." *Rhoads, supra,* 431 Pa.Super. at 441, 636 A.2d at 1168. Appellant should not have received separate sentences for his two aggravated assault convictions against Bolden.[4]

■ Where we determine that a sentence must be corrected, this court has the option of amending the sentence directly or remanding it to the trial court for resentencing. *Commonwealth v. Vazquez,* 328 Pa.Super. 86, 476 A.2d 466 (1984). If a correction by this court may upset the sentencing scheme envisioned by the trial court, the better practice is to remand. Such is the case here.[5] Because a remand is

4. Our holding is not in conflict with the supreme court's recent opinion in *Commonwealth v. Belsar,* 544 Pa. 346, 676 A.2d 632 (1996). There, the majority found that the defendant committed two distinct acts and could be punished for each.

5. We are aware that appellant was found guilty of two subsections of the aggravated assault statute, each of which is graded differently. Subsection (a)(1) is a felony of the first degree, while subsection (a)(4) is a felony of the second degree. Although it is clear that the sentences merge, it is unclear whether the trial court must impose sentence for the (a)(1) conviction or is free to impose sentence for the (a)(4) conviction. This may become an issue for either the Commonwealth or appellant should the sentencing court consider imposition of the statutory maximum.

In *Anderson,* Justice Castille noted a similar problem:
>  Furthermore, having found a merger of offenses, it is important to note that the majority's decision leads to the anomaly of a first degree felony, aggravated assault, merging into the lesser graded offense of attempted murder, a second degree felony. The trial

appropriate, we need not consider appellant's third claim regarding the discretionary aspects of his sentence.

Judgments of sentence vacated; matter remanded for re-sentencing consistent with this opinion.

court now apparently has the discretion to sentence the accused on the lesser graded offense of attempted murder only, and, therefore, give the accused a lesser maximum sentence even though the accused was convicted of a higher graded crime which permits a higher maximum sentence.

*Anderson, supra,* 538 Pa. at 587, 650 A.2d at 26 (Castille, J. concurring) (footnote omitted).

While the *Anderson* majority made no comment on this issue, the longstanding rule that the trial judge is afforded great deference in sentencing issues remains. The sentencing court, in its discretion, will determine the appropriate sentencing scheme for appellant.