J-S35016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL MARION, | |
| Appellant | No. 495 EDA 2015 |

Appeal from the Judgment of Sentence Entered September 12, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014384-2013

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 20, 2016**

Appellant, Michael Marion, appeals from the judgment of sentence of an aggregate term of 5 years' probation, imposed after he was convicted of aggravated assault (18 Pa.C.S. § 2702(a)), simple assault (18 Pa.C.S. § 2701(a)), and recklessly endangering another person (REAP) (18 Pa.C.S. § 2705).  Appellant challenges the admissibility of evidence, the sufficiency of the evidence to sustain his convictions, and alleges the verdict is against the weight of the evidence.  We affirm.

The facts of this case were summarized by the trial court in its Pa.R.A.P. 1925(a) opinion, as follows:

> This case is the result of a domestic dispute between [Appellant] and his girlfriend, [Katy Borowick ("Ms. Borowick")].  Testifying for the Commonwealth were Officers Vincent Strain ("Officer Strain") and Anthony Comitalo ("Officer Comitalo") and Detective Vincent Rimshaw ("Detective Rimshaw") all from the

Philadelphia Police Department. Additionally, [Ms. Borowick] was called to testify. [Appellant] testified on his own behalf.

On November 1, 2013, Officer Stain [*sic*] and Officer Comitalo were on routine patrol, in plain clothes and in an unmarked police vehicle, traveling on North Penn Street in Philadelphia. Officer Strain was the passenger and Officer Comitalo was driving. At approximately 11:30 p.m., Officer Strain observed a struggle between two people on a second floor balcony on North Tenth Street. Officer Strain told his partner to stop the vehicle. Officer Strain exited the vehicle and observed [Appellant] throwing Ms. Borowick into an outdoor grill. Officer Strain testified that [Appellant] was on his knees, straddling [Ms. Borowick], with both hands around her neck. Officer Strain testified that he could hear [Ms. Borowick] grunting. Officer Strain identified himself as a police officer and yelled for [Appellant] to stop choking [Ms. Borowick]. [Appellant] responded that they were having a "traditional fight." Officer Strain testified that he continued telling [Appellant] to stop but [Appellant] continued to choke [Ms. Borowick] for ten to fifteen seconds. Officer Strain further testified that although it was dark he was able to see because the balcony was well illuminated by streetlight, balcony light and light from inside the apartment.

Officer Comitalo testified that he gained access to [Ms. Borowick's] apartment while Officer Strain attempted to get [Appellant's] attention. Officer Comitalo entered the building and went up the stairs; [Appellant's] and [Ms. Borowick's] children opened the door. [Appellant] was still choking [Ms. Borowick] and Officer Comitalo observed [Appellant] let [Ms. Borowick] up off the floor. The officers separated [Appellant] and [Ms. Borowick]. [Ms. Borowick] was visibly shaken, had red marks and hand prints around her neck, and was unable to speak for five minutes. When Ms. Borowick was able to speak, her voice was raspy. [Appellant] was taken into custody.

Detective Rimshaw testified that at approximately 12:50 a.m. he interviewed Ms. Borowick by telephone. Detective Rimshaw testified that [Ms. Borowick] was unable to leave her apartment because she had four young children at home so the interview was conducted by phone.

[Ms. Borowick] testified that she and [Appellant] were cooking together; that she was on medication for mental health and for back pain, which caused her to be unsteady on [her]

- 2 -

feet; that she drank one beer; that she went out to the balcony to get some fresh air; that she stumbled into an outdoor grill; that the police witnessed [Appellant] trying to help her get up from the floor; and that police kicked in her apartment door to gain access. [Appellant] also denied the incident and his testimony corroborated [Ms. Borowick's].

Trial Court Opinion (TCO), 7/27/15, at 2-4 (citations to record omitted).

After a non-jury trial, which was held on June 20, 2014, Appellant was found guilty of the above-stated charges. The trial court subsequently granted Appellant's motion for extraordinary relief and reduced the charge of aggravated assault from a first degree felony to a felony of the second degree. On September 12, 2014, the court sentenced Appellant to 5 years' probation. Appellant filed a timely notice of appeal followed by a timely court-ordered Rule 1925(b) statement.

Appellant now presents the following issues for our review:

1. An unsigned witness statement taken over the phone was improperly authenticated and admitted into evidence, which may have changed the verdict.

2. There was no [possessing an instrument of crime] charge or deadly weapon used whatsoever. Therefore[,] the remaining [aggravated assault] charge cannot stand.

3. The evidence was insufficient to conclude guilt beyond a reasonable doubt on the charges as a whole.

4. Furthermore, the verdict was against the weight of the evidence because two witnesses testified, including the complaining witness [Ms. Borowick], and gave a different story. [Ms. Borowick] and [Appellant] both had a better vantage point and testified credibly.

Appellant's Brief at 5.

First, we address Appellant's claim regarding the admissibility of the unsigned statement taken over the phone. We have previously stated:

The standard of review governing evidentiary issues is settled. The decision to admit or exclude evidence is committed to the trial court's sound discretion, and evidentiary rulings will only be reversed upon a showing that a court abused that discretion. A finding of abuse of discretion may not be made "merely because an appellate court might have reached a difference conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous."

*Commonwealth v. Koch*, 106 A.3d 705, 710-711 (Pa. 2014) (quoting *Commonwealth v. Laird*, 988 A.2d 618, 636 (Pa. 2010)). Appellant avers that the trial court "improperly let in a statement alleged [*sic*] made by [Ms. Borowick] to [the p]olice during a phone interview." Appellant's Brief at 8. He argues that the statement was unauthenticated, because it was unsigned and contradicts testimony given at trial by Ms. Borowick. *Id.*

Pennsylvania Rules of Evidence provide that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Pa.R.E. 901(a). Evidence regarding a telephone conversation may be authenticated by "evidence that a call was made to the number assigned at the time to … a particular person, if circumstances, including self-identification, show that the person answering was the one called." Pa.R.E. 901(b)(6). "[T]he ultimate determination of authentication is for the [factfinder]. A proponent of a document need only present a *prima facie* case of *some* evidence of genuineness in order to put

the issue of authenticity before the factfinder[].” ***Commonwealth v.***
***Brooks***, 508 A.2d 316, 320 (Pa. Super. 1986) (emphasis in original).
Moreover, we note:

> It is well established that our Court will not reverse a trial court's credibility determination absent the court's abuse of discretion as fact finder. In a bench trial, as in a jury trial, the trier of fact while passing upon the credibility of witnesses … is free to believe all, part or none of the evidence.

***Commonwealth v. Hughes***, 908 A.2d 924, 928 (Pa. Super. 2006).

Here, the trial court provided the following well-reasoned explanation of its decision to allow Ms. Borowick's telephone statement into evidence:

> [Ms. Borowick's] telephone statement to Detective Rimshaw was authenticated by [Ms. Borowick] and Detective Rimshaw and was properly admitted at trial. At trial, [Ms. Borowick] testified: "I did get a phone call from the detective just because I didn't want to haul my kids up to the 35th District at whatever late hour of the night." On November 2, 2015 at 12:50 a.m., Detective Rimshaw asked [Ms. Borowick] the following six questions:
>
>> Q1. Can you tell me what happened at approx. 11:30PM on 11-01-13 at 6009 N. 0th [*sic*] St. Apt. 2?
>>
>> A1. I was involved in an argument with [Appellant], Mike Marion, my boyfriend on the balcony of our apartment at 6009 N. 10th St. [Appellant] became angry and knocked me down and was choking me. The police arrived and arrested [Appellant].
>>
>> Q2. How long have you known [Appellant]?
>>
>> A2. About 7 years.
>>
>> Q3. Have you had any altercations with [Appellant] in the past?
>>
>> A3. No, but we argue sometimes.
>>
>> Q4. What are your injuries?

A4. I have some swelling on my neck.

Q5. Did you require hospital treatment?

A5. No.

Q6. Is there anything else?

A6. No.

[Ms. Borowick] testified to remembering four of the questions asked during the interview by phone. [Ms. Borowick's] memory was selective about the phone interview with Detective Rimshaw. First, [she] was able to recall being asked questions two and five and corrobated her answers to these questions. Second, [Ms. Borowick] could not recall questions three and six. Finally, [Ms. Borowick] recalled questions one and four, but testified that she did not recall giving the answers on the statement. On the stand, [Ms. Borowick] "could not recall" any answer that either incriminated [Appellant] or emphasized their relationship problems. [Appellant's] statement was further authenticated by Detective Rimshaw when he identified Exhibit C-3 as "…the interview I did over the phone with [Ms. Borowick]." Detective Rimshaw testified that he obtained [Ms. Borowick's] biographical information and phone number from Officers Strain and Comitalo and that the interview was conducted by phone because [Ms. Borowick] could not leave her children.

TCO at 5-6 (internal citations to record omitted). After careful review, we conclude that the authenticity and, thus, the admissibility of Ms. Borowick's telephone statement is well-supported by the record. We discern no abuse of discretion by the trial court.

Next, Appellant argues that his conviction of aggravated assault as a felony of the second degree is not supported by the evidence. Our standard of review of a challenge to the sufficiency of the evidence is well-settled:

In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light

most favorable to the verdict winner, are sufficient to support all elements of the offense. ***Commonwealth v. Moreno***, 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. ***Commonwealth v. Hartzell***, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. ***Moreno, supra*** at 136.

***Commonwealth v. Koch***, 39 A.3d 996, 1001 (Pa. Super. 2011).

Here, Appellant avers that he was found guilty of aggravated assault as a felony of the second degree and that the evidence fails to support "a conviction for aggravated assault, under any [of] the sections of the statute which are graded as a felony of the second degree." Appellant's Brief at 9. To the contrary, we emphasize that Appellant was originally convicted of aggravated assault as a felony of the first degree under 18 Pa.C.S. § 2702(a)(1).

Under the Crimes Code, a person may be convicted of aggravated assault, graded as a felony of the first degree, if he/she "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). Further, the Code defines "serious bodily injury" as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. For aggravated assault purposes, an 'attempt' is found where the accused, with the required specific intent, acts in a manner which constitutes a substantial step toward perpetrating a serious bodily injury upon another. A person acts intentionally with respect to a material element of an offense when … it is his conscious object to engage in conduct of that nature or to cause such a result. As intent is a subjective frame of mind, it is of necessity difficult [to prove with direct evidence]. Accordingly, we recognize that intent can be proven by direct or

circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances.

*Commonwealth v. Matthews*, 870 A.2d 924, 929 (Pa. Super. 2005) (internal quotation marks and citations omitted).

Clearly, Appellant's act of choking Ms. Borowick for ten to fifteen seconds, causing redness, hand prints, swelling, and rendering Ms. Borowick unable to speak for five minutes demonstrates that Appellant attempted to cause her serious bodily injury to support a conviction of aggravated assault under 18 Pa.C.S. § 2702(a)(1). *See generally Commonwealth v. Russell*, 460 A.2d 316 (Pa. Super. 1983) (indicating that choking the victim, among other circumstances, demonstrated an attempt to inflict serious bodily injury).[1] Choking Ms. Borowick with such force as that used by Appellant inherently risked cutting off Ms. Borowick's ability to breathe. Common sense dictates that a person who cannot breathe will die within a relatively short period of time. Thus, the evidence proved that Appellant committed aggravated assault under section 2702(a)(1).

After his conviction under that section, Appellant petitioned the court to reduce that conviction to a felony of the second degree. The court granted Appellant the relief he sought, which ultimately resulted in a lesser

---

[1] We are aware that there were circumstances in *Russell*, other than choking, which also gave rise to the risk of serious bodily injury in that case (specifically, the victim had been threatened with rape). However, we have no doubt whatsoever that choking a victim, coupled with evidence that the victim's breathing was actually impeded, without more, constitutes a risk of serious bodily injury.

sentence. Now, on appeal, Appellant seeks a complete windfall by attempting to argue that the evidence was insufficient to support his conviction for aggravated assault "as a felony of the second degree." Appellant's Brief at 10. Based on our conclusion that the evidence supported the offense of which Appellant was actually convicted, *i.e.*, aggravated assault under section 2702(a)(1), Appellant's argument is completely without merit.

Appellant's third issue challenges the sufficiency of the evidence regarding all of his convictions. As we have already addressed the sufficiency of evidence regarding Appellant's aggravated assault charge herein, we will proceed with a sufficiency analysis regarding the remaining charges of simple assault and REAP. However, before we may address this issue, we are compelled to note that Appellant failed to properly preserve his general sufficiency claim, due to a lack of specificity in his Rule 1925(b) statement. We have previously stated:

> [W]hen challenging the sufficiency of the evidence on appeal, … Appellant's 1925 statement must "specify the element or elements upon which the evidence was insufficient" in order to preserve the issue for appeal. Such specificity is of particular importance in cases where … Appellant was convicted of multiple crimes[,] each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

**Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa. Super. 2009) (quoting **Commonwealth v. Williams**, 959 A.2d 1252, 1257 (Pa. Super. 2008)) (citations omitted).

Appellant's Rule 1925(b) statement contains the following challenge to the sufficiency of the evidence: "The evidence was insufficient to conclude guilt beyond a reasonable doubt on the charges as a whole." Appellant's Pa.R.A.P. 1925(b) Statement, 2/27/15, at 2 (unpaginated). Based on our reasoning in *Williams*, which was reiterated in *Gibbs*, we are compelled to conclude that Appellant's Rule 1925(b) statement is inadequate to preserve his sufficiency claims. Appellant was convicted of multiple offenses, each with multiple elements, yet his Rule 1925(b) statement does not specify which element(s) of his convictions the Commonwealth failed to prove. Instead, Appellant merely states, in boilerplate fashion, that "[t]he evidence was insufficient" to support a conviction for any of the above-stated charges. *Id.* Based on the foregoing, we conclude that Appellant's sufficiency claims are waived.

Nevertheless, even if Appellant had properly preserved his sufficiency claims, we would conclude that this issue is without merit. Appellant's sufficiency claims regarding his simple assault and REAP charges rest solely on Ms. Borowick's testimony "that she fell on the balcony, Appellant tried to help her up, at which point the police arrived…" and his assertion that the police had a compromised view of the incident. Appellant's Brief at 15. However, the trial court found the testimony of Officers Strain and Comitalo to be credible, as evidenced by the following portion of its opinion:

> Here, the elements of assault and REAP were established with credible testimony that [Appellant] threw [Ms. Borowick] into an outdoor grill and then proceeded to choke her with both hands.

- 10 -

Further, [Appellant's] actions demonstrate that his conduct placed [Ms. Borowick] in danger of serious bodily injury when he continued to choke [Ms. Borowick] for a period of ten to fifteen seconds even after an identified police officer ordered him to stop.

TCO at 10.

The offense of REAP is defined as follows: "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705.

It is well settled that REAP is a lesser included offense of aggravated assault[:]

Once the prosecution has proved that an individual caused or attempted to cause serious bodily injury under circumstances manifesting an extreme indifference to human life, it also has established that the same person recklessly engaged in conduct that placed or may have placed another person in danger of death or serious bodily injury. Every element of reckless endangerment is subsumed in the elements of aggravated assault.

*Commonwealth v. McCalman*, 795 A.2d 412, 417 (Pa. Super. 2002) (quoting *Commonwealth v. Dobbs*, 682 A.2d 388, 391 (Pa. Super. 1996)) (emphasis in original omitted). Similarly, we have acknowledged that "[n]umerous cases state that simple assault is a lesser included offense of aggravated assault" and REAP. *Commonwealth v. Ferrari*, 593 A.2d 846, 849 (Pa. Super. 1991); *Commonwealth v. Brunson*, 938 A.2d 1057, 1061-62 (Pa. Super. 2007) (concluding "simple assault is a lesser included offense of [REAP] since the elements of simple assault are necessarily included in the offense of [REAP]").

- 11 -

> If each and every element of one offense is necessarily an element of a greater offense, the former offense is a lesser included offense of the latter. In order for one offense to be considered a lesser included offense of another, therefore, the commission of the greater offense must necessarily involve the commission of the lesser.

*Ferrari*, 593 A.2d at 848 (internal citations omitted). Accordingly, having already determined that the evidence was sufficient to sustain a conviction of aggravated assault, we also conclude the evidence supports Appellant's convictions of REAP and simple assault.

Lastly, Appellant challenges the weight of the evidence to support his convictions.

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

*Commonwealth v. Houser*, 18 A.3d 1128, 1135-1136 (Pa. 2011) (citations and internal quotation marks omitted).

Appellant bases his weight of the evidence claim solely on his assertion that the police had a compromised view of the events on the evening in question and that Ms. Borowick's version of the events should have been accepted by the court. Appellant's Brief at 16. However, the trial court

- 12 -

considered all of the testimony presented at trial and found the testimony of Officers Strain and Comitalo and Detective Rimshaw to be credible. TCO at 11. "[O]n issues of credibility and weight of the evidence, an appellate court defers to the findings of the trial judge, who has had the opportunity to observe the proceedings and demeanor of the witnesses." ***Commonwealth v. Cunningham***, 805 A.2d 566, 572 (Pa. Super. 2002). The trial court, as fact finder, concluded that the elements of aggravated assault, simple assault, and REAP were proven beyond a reasonable doubt, and that Appellant committed these offenses. TCO at 11. We ascertain no abuse of discretion in the trial court's denial of Appellant's challenge to the weight of the evidence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/20/2016

- 13 -