J-S12017-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PARNELL CHRISTOPHER GLOVER | : | |
| | : | |
| Appellant | : | No. 2271 EDA 2024 |

Appeal from the Judgment of Sentence Entered August 12, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0004013-2023

BEFORE: STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JULY 29, 2025**

Parnell Christopher Glover appeals from the judgment of sentence entered following his convictions for aggravated assault (causing bodily injury), aggravated assault (deadly weapon), aggravated assault (causing bodily injury to child less than six years old), aggravated assault (attempting to cause serious bodily injury to child less than 13 years old), endangering the welfare of a child, four counts of recklessly endangering another person, and two counts of simple assault.[1] Glover challenges the weight of the evidence and argues his aggravated assault convictions should have merged for purposes of sentencing. We affirm.

The trial court aptly summarized the facts giving rise to Glover's convictions as follows:

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(1), (4), (8), (9), 4304(a)(1), 2705, and 2701(a)(2), respectively.

Tahlia Green testified that [Glover] was the father of her son, Christopher's [sic] (dob 9/[]/17), who was the juvenile victim in this case. Ms. Green and [Glover] had a co-parenting relationship with a formal custody agreement in which the drop-off location was the Corner Bakery at the Lord & Taylor parking lot in Montgomery County. In January of 2016, Ms. Green met the male victim, Elijah Eagle. In June of 2020, Ms. Green and Mr. Eagle began dating. In September of 2021, Ms. Green and Mr. Eagle began living together with Christopher and their daughter, Rain. (N.T., 4/1/24, pp.72-75; 111).

On Father's Day, June 18, 2023, Ms. Green, Mr. Eagle, Rain Eagle, and Christopher went to meet [Glover] for the custody exchange at the Lord & Taylor's parking lot. Ms. Green asked Mr. Eagle to take Christopher out of his car seat since he was already getting out of the car to adjust the mirror on Rain's car seat. Ms. Green observed [Glover] up against Mr. Eagle's back, approximately four (4) inches apart, as Mr. Eagle was getting Christopher out of his car seat. Both Ms. Green and Mr. Eagle were telling [Glover] to back[ ]up. Ms. Green saw [Glover] tap his hip where he had a holstered firearm and say[,] ["]I can go right here. Keep on playing.["] [Glover] then pushed into Mr. Eagle and Mr. Eagle pushed [Glover] back. Then, "[t]hey both hit each other in the face and [Glover] pulled his gun and started shooting." [Glover] backed up, pointed his gun at Mr. Eagle, and fired four (4) or five (5) shots. Christopher was out of the car during the shooting. Neither Ms. Green nor Mr. Eagle had a firearm on them on that day. (N.T., 4/1/24, pp.122-137; 163).

The first gunshot struck Mr. Eagle in the front on the inside of his thighs and pelvic area. Mr. Eagle then turned around and was hit two (2) more times in the back. Mr. Eagle heard four (4) gunshots in total. (N.T., 4/1/24, pp.197-200).

Rule 1925(a) Opinion, filed 9/20/24, at 2-3. Christopher also sustained a gunshot injury to his foot. *See* N.T. 4/1/24, at 46. A jury convicted Glover of the above offenses and the trial court sentenced Glover to an aggregate term of eight to 18 years' incarceration. The sentence broke down as follows:

- Aggravated assault (causing bodily injury): five to 12 years' incarceration;

- Aggravated assault (deadly weapon): one and a half to three years' incarceration (consecutive);

- Aggravated assault (causing bodily injury to child less than 6 years old): one and a half to three years' incarceration (consecutive);

- Aggravated assault (attempting to cause serious bodily injury to child less than 13 years old): five to 12 years' incarceration (concurrent);

- Recklessly endangering another person: six to 12 months' incarceration on each count (concurrent);

- Endangering the welfare of a child: two to four years' incarceration (concurrent);

- Simple assault: no further penalty.

*See* N.T., Sentencing, 8/12/24, at 69-71. This timely appeal followed.

Glover raises the following issues:

1. Whether [Glover's] convictions and sentence for Aggravated Assault against Mr. Eagle were against the weight of the evidence.

2. Whether the Trial Court's sentences for Aggravated Assault against Mr. Eagle should have merged and/or were in violation of double jeopardy.

3. Whether the Trial Court's sentences for Aggravated Assault against C.G. should have merged and/or were in violation of double jeopardy.

Glover's Br. at 4.

**WEIGHT OF THE EVIDENCE**

We do not address Glover's challenge to the weight of the evidence because he waived this claim. A claim challenging the weight of the evidence must be raised either before sentencing or in a post-sentence motion. ***See***

- 3 -

Pa.R.Crim.P. 607(A)(1)-(3). Failure to do so results in waiver. *See Commonwealth v. Cox*, 231 A.3d 1011, 1018 (Pa.Super. 2020) (finding challenge to weight of evidence waived where appellant failed to file post-sentence motion or raise claim at sentencing). Here, Glover did not file a post-sentence motion or present a weight claim before sentencing. As such, the claim is waived.

**MERGER**

Glover's remaining issues claim that his aggravated assault convictions for Eagle should have merged and that his aggravated assault convictions for the child should have merged. We address both issues together. Glover claims the court punished him twice for each victim, rather than sentencing him for a single criminal act. He argues that this "runs afoul of the fundamental principles of double jeopardy." Glover's Br. at 36, 37. Glover cites *Commonwealth v. Dobbs*, 682 A.2d 388, 392 (Pa.Super. 1996), where this Court addressed whether the appellant should have been given separate sentences for each of his aggravated assault convictions. He also cites *Commonwealth v. Merced*, 308 A.3d 1277, 1283 (Pa.Super. 2024), where this Court stated that *Dobbs* has since been superseded by Section 9765 of the Sentencing Code. Though Glover acknowledges that the proper test for merger is outlined in Section 9765, he claims that we should revisit *Merced* and follow the logic of *Dobbs*. *See id.* at 35.

"Both merger and double jeopardy claims implicate[ ] the legality of an appellant's sentence." *Commonwealth v. Sheets*, 302 A.3d 145, 152 n.4

(Pa.Super. 2023) (cleaned up). Therefore, our standard of review is *de novo*, and our scope of review is plenary. **Commonwealth v. Calhoun**, 52 A.3d 281, 284 (Pa.Super. 2012). Crimes merge for purposes of sentencing when they "arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense." 42 Pa.C.S.A. § 9765. On the other hand, if each offense contains an element the other does not, there is no merger. **Commonwealth v. Quintua**, 56 A.3d 399, 401 (Pa.Super. 2012).

To begin, we reject Glover's suggestion that we apply the logic of **Dobbs**. **Dobbs** has been superseded by Section 9765. **See Commonwealth v. Vializ-Rios**, 334 A.3d 898, 902 (Pa.Super. 2025) (stating **Dobbs** and related cases "have been superseded by the enactment of section 9765"); **Merced**, 308 A.3d at 1283.

Applying the proper analysis, we conclude the convictions did not merge. Here, Glover's convictions for shooting Eagle were for Section 2702(a)(1), aggravated assault (bodily injury), and Section 2702(a)(4), aggravated assault (deadly weapon). **See** 18 Pa.C.S.A. §§ 2702(a)(1), (4). The elements of each crime are as follows:

> **(a) Offense defined.**--A person is guilty of aggravated assault if he:
>
> > (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;
>
> ***

> (4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon[.]

*Id.*

Each offense has an element that the other lacks. Section 2702(a)(4) requires bodily injury, while Section 2702(a)(1) requires serious bodily injury. As such, the crimes did not merge for purposes of sentencing. ***See Commonwealth v. Watson***, 228 A.3d 928, 941 (Pa.Super. 2020) (citation omitted) ("If both crimes require proof of at least one element that the other does not, then the sentences do not merge").

The same can be said of Glover's convictions for the crimes against his child. The court imposed separate sentences for Section 2702(a)(8), aggravated assault (causing bodily injury to child less than 6 years old), and Section 2702(a)(9), aggravated assault (attempting to cause serious bodily injury to child less than 13 years old). ***See*** 18 Pa.C.S.A. §§ 2702(a)(8), (9). These crimes are defined as follows:

> **(a) Offense defined.**--A person is guilty of aggravated assault if he:
>
> ***
>
> (8) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to a child less than six years of age, by a person 18 years of age or older; or
>
> (9) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to a child less than 13 years of age, by a person 18 years of age or older.

*Id.*

Here again, each subsection has an element that is absent from the other. Section 2702(a)(8) requires bodily injury, while Section 2702(a)(9) requires serious bodily injury. Therefore, the crimes do not merge for purposes of sentencing. *Watson*, 228 A.3d at 941. Because none of the challenged convictions merged for purposes of sentencing, we also conclude that Glover's sentences did not violate his protection against double jeopardy.

Judgment of sentence affirmed.

President Judge Emeritus Bender joins the memorandum.

Judge Stabile concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/29/2025