J-S31029-20

2020 PA Super 296

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SHAUN KARL GIVEN | : | |
| | : | |
| Appellant | : | No. 1886 MDA 2019 |

Appeal from the Judgment of Sentence Entered March 27, 2019
In the Court of Common Pleas of Perry County Criminal Division at
No(s): CP-50-CR-0000129-2018

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

OPINION BY DUBOW, J.: **FILED DECEMBER 23, 2020**

Appellant, Shaun Karl Given, appeals from the March 27, 2019 Judgment of Sentence following his non-jury conviction of two counts of Driving Under the Influence ("DUI") – Controlled Substance and one count of Driving Under Suspension ("DUS").[1] Appellant challenges the sufficiency of the Commonwealth's evidence to convict him of DUI and requests that this Court vacate his sentence for DUS. After careful review, we affirm Appellant's convictions but vacate the Judgment of Sentence for DUI-Controlled Substance under 75 Pa.C.S. § 3802(d)(1)(iii).

On May 8, 2017, two Pennsylvania state troopers pulled Appellant over for littering while driving. Appellant admitted to the police that he had smoked marijuana "a few minutes" before they pulled him over. Subsequent testing of Appellant's blood confirmed the presence of Delta-9-THC, the active

---

[1] 75 Pa.C.S. §§ 3802(d)(1)(i), 3802(d)(1)(iii), and 1543(a), respectively.

compound in marijuana, and Carboxy-THC, a metabolite of marijuana. Police also determined that Appellant had been driving with a suspended license.

On February 8, 2019, the court, sitting as factfinder, found Appellant guilty of two counts of DUI-Controlled Substance and one count of DUS. On March 27, 2019, the court sentenced Appellant to separate concurrent terms of 72 hours to 6 months' incarceration for the DUI convictions, and a concurrent term of 30 days' incarceration for DUS. Following reinstatement of Appellant's direct appeal rights, Appellant filed a Notice of Appeal on November 14, 2019. Both Appellant and the court complied with Pa.R.A.P. 1925. Appellant presents two issues for our review:

> 1. Whether the Commonwealth introduced sufficient evidence at trial to support Appellant's DUI convictions; and

> 2. Whether errors committed by Magisterial District Judge Daniel McGuire require this Court to vacate Appellant's sentence for DUS.

Appellant's Br. at 8 (unpaginated) (rephrased for clarity).[2]

We do not reach the merits of Appellant's appeal because we find that Appellant waived our consideration of both issues. In his first issue, Appellant challenges the sufficiency of the Commonwealth's evidence to convict him of DUI. Appellant did not raise this issue in his Rule 1925(b) Statement, and presents it for the first time on appeal. It is axiomatic that issues not included in an appellant's Rule 1925(b) Statement are waived. Pa.R.A.P. 1925(b)(vii). **See also** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived

---

[2] Appellant's brief is regrettably disjointed, confusing, and at times nearly incomprehensible, hampering this Court's review of Appellant's issues.

and cannot be raised for the first time on appeal."). Thus, Appellant waived our consideration of his first issue.

In his second issue, Appellant asks this Court to vacate his Judgment of Sentence for DUS. Appellant alleges that he was driving with a suspended license due to a "mess" created by Magisterial District Judge Daniel McGuire. Appellant's Br. at 18-19. Appellant does not explain what he means by a "mess" Judge McGuire allegedly created, or how Judge McGuire's alleged "mess" compels this Court to vacate Appellant's Judgment of Sentence.

The argument portion of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P. 2119(a). When an appellant fails to develop an argument, the issue is waived. **Commonwealth v Jezzi**, 208 A.3d 1105, 1109-10 (Pa. Super. 2019). To undertake review of Appellant's second issue would require us to scour the record in an attempt to discern what alleged error Judge McGuire committed and craft an argument on Appellant's behalf about why that error would compel us to vacate his sentence. We will not do so, and, thus, we find that Appellant waived our consideration of his second issue.

Although we find that Appellant waived our consideration of his issues, we *sua sponte* raise an issue involving the legality of Appellant's sentence. **Commonwealth v. Hill**, --- A.3d ---, 2020 WL 5816028 at *6 (Pa. filed September 30, 2020) (holding that an appellant's "challenge to his second sentence for DUI implicates the legality of his sentence" and "an appellate court may raise and address such an issue *sua sponte*."). When reviewing the

- 3 -

legality of a sentence, our standard of review is *de novo* and scope of review is plenary. **Commonwealth v. Melvin**, 172 A.3d 14, 19 (Pa. Super. 2017).

In an issue of first impression, we conclude that a defendant should not be subject to separate sentences for multiple convictions under 75 Pa.C.S. § 3802(d)(1), where the defendant committed a single act of driving while his blood contained a parent compound and a metabolite of the **same** controlled substance. While there is no case law directly on point on this issue, we draw support from decisions by this Court and our Supreme Court analyzing other subsections of the DUI statute. These cases, discussed *infra*, conclude that a defendant should not be subject to more than one sentence for a single criminal act that results in multiple convictions under the same subsection of the DUI statute.

In the instant case, the undisputed evidence shows that Appellant drove with both the active compound and a metabolite of marijuana in his blood. As a result, the court convicted Appellant of two counts of DUI-Controlled Substance, one under 75 Pa.C.S. § 3802(d)(1)(i) and the other under 75 Pa.C.S. § 3802(d)(1)(iii), and sentenced Appellant to two concurrent terms of incarceration for these convictions. Appellant's sentences, not convictions, are at issue here.

The relevant portion of the DUI statute reads:

**(d) Controlled substances.** – An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

(1) There is in the individual's blood any amount of a:

- 4 -

> (i) Schedule I controlled substance . . .
>
> [or]
>
> (iii) metabolite of a substance under subparagraph (i)[.]

75 Pa.C.S. §§ 3802(d)(1)(i); (iii).

Section 3802(d)(1) makes it a crime for a person to drive after using a Schedule I controlled substance. 75 Pa.C.S. § 3802(d)(1). The Commonwealth can establish the offense in two different ways. It can prove that the defendant had, in his blood at the time of driving, either (1) the active compound of a Schedule I drug, or (2) a metabolite of a Schedule I drug.[3] *Id.* at 3802(d)(1)(i); (iii). Thus, Subsections 3802(d)(1)(i) and (iii) provide the Commonwealth alternate means of establishing the offense of DUI-Controlled Substance.

Reviewing Appellant's convictions in this context reveals that the court sentenced Appellant twice for DUI-Controlled Substance based on a single incident of criminal conduct, *i.e.*, driving after using marijuana. As stated above, this Court and our Supreme Court have consistently held that a defendant should not be subject to more than one sentence for a single criminal act that results in multiple convictions under the same subsection of the DUI statute.

In **Commonwealth v. Burton**, 1468 WDA 2017 (Pa. Super. filed July 12, 2019) (non-precedential decision), the trial court imposed separate

---

[3] A "metabolite" is a substance produced by the body while it metabolizes, or breaks down, the "parent" controlled substance. **Commonwealth v. Glenn**, 233 A.3d 842, 843 fn. 3 (Pa. Super. 2020) (citations omitted).

sentences for the appellant's two DUI-General Impairment convictions arising under 75 Pa.C.S. §§ 3802(a)(1) (incapable of safe driving) and (2) (BAC between 0.08% and 0.10%), respectively. *Id.* at *1. On appeal, this Court recognized that Section 3802(a) proscribes a single harm to the Commonwealth, *i.e.*, DUI-general impairment, and Subsections 3802(a)(1) and (2) simply provide alternate means by which the Commonwealth can establish the offense. *Id.* at *5, *7. We reasoned that a defendant should not be subject to separate sentences for a single criminal act of DUI-General Impairment, even where the Commonwealth proved that the defendant had violated two subsections of the offense, and we vacated the appellant's sentence under Subsection 3802(a)(1). *Id.* at *7. ***See also Commonwealth v. Williams***, 871 A.2d 254 (Pa. Super. 2005) (applying the same rationale to an earlier version of the DUI statute); ***Commonwealth v. McCurdy***, 735 A.2d 681, 685-86 (Pa. 1999) ("the [DUI] statute proscribes a single harm to the Commonwealth . . . The fact that the offense may be established as a matter of law if the Commonwealth can produce the necessary chemical test does not constitute proof of a different offense, but merely represents an alternative basis for finding culpability.").

Applying these principles, we conclude that, where the defendant committed a single act of driving while his blood contained a parent compound and a metabolite of the **same** controlled substance, the defendant should not be subject to separate sentences for multiple convictions arising under Section 3802(d)(1). Section 3802(d)(1) proscribes a single harm to the

Commonwealth – DUI-Controlled Substance. Subsections 3802(d)(1)(i) and (iii) provide alternate means by which the Commonwealth can establish the offense, but do not provide proof of different offenses. We therefore conclude that the trial court should have merged Appellant's DUI-Controlled Substance convictions for purposes of sentencing.

We vacate Appellant's Judgment of Sentence for DUI-Controlled Substance under Subsection 3802(d)(1)(iii). We need not remand for resentencing because our disposition does not upset the sentencing scheme. We affirm the Judgment of Sentence with respect to the remaining convictions.

Convictions affirmed. Judgment of Sentence affirmed in part, vacated in part.

President Judge Emeritus Ford Elliott joins the opinion.

Judge Bowes files a concurring and dissenting opinion.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/23/2020