J-S31029-20

2020 PA Super 296

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAUN KARL GIVEN | : | |
| | : | |
| Appellant | : | No. 1886 MDA 2019 |

Appeal from the Judgment of Sentence Entered March 27, 2019
In the Court of Common Pleas of Perry County Criminal Division at
No(s):  CP-50-CR-0000129-2018

BEFORE:  BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

CONCURRING AND DISSENTING OPINION BY BOWES, J.:

**FILED DECEMBER 23, 2020**

While I join in the Majority's finding of waiver that affirms Appellant's convictions, I cannot concur in the *sua sponte* vacation of Appellant's sentences at 75 Pa.C.S. § 3802(d)(1), for driving under the influence ("DUI"). Based upon a straightforward application of 42 Pa.C.S. § 9765, I respectfully submit that these sentences should not merge.

In relevant part, § 9765 provides that "[n]o crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act **and all statutory elements of one offense are included in the statutory elements of the other offense**."  42 Pa.C.S. § 9765 (emphasis added).  Our Supreme Court has interpreted this statute as leaving little room for equivocation or exception: "The statute's mandate is clear.  It prohibits merger unless two distinct facts are present: (1) the crimes arise from a single

criminal act; **and (2) all of the statutory elements of one of the offenses are included in the statutory elements of the other.**" *Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009) (emphasis added).

I emphasize the second prong of this statutory scheme because I believe that the Majority's treatment of this issue has overlooked it. I do not dispute that Appellant's DUI convictions stemmed from a single criminal act of driving. Nonetheless, there is insufficient statutory parity between the statutory language of the separate DUI subsections to permit merger under § 9765.

In pertinent part, the at-issue criminal statute provides as follows:

(d) Controlled substances.-- An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

(1) There is in the individual's blood any amount of a:

**(i) Schedule I controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as the Controlled Substance, Drug, Device and Cosmetic Act;**

(ii) Schedule II or Schedule III controlled substance, as defined in The Controlled Substance, Drug, Device and Cosmetic Act, which has not been medically prescribed for the individual; or

**(iii) metabolite of a substance under subparagraph (i) or (ii).**

75 Pa.C.S. § 3802 (emphasis added).

Stated as succinctly as possible, each of these emphasized crimes contains a statutory element that the other does not. Section 3802(d)(1)(i) criminalizes driving with any amount of a particular controlled substance in a

person's blood, while § 3802(d)(1)(iii) criminalizes driving with any amount of a metabolite of a particular controlled substance in a person's blood. The elements of these two crimes are simply not co-extensive. Based upon the unchallenged evidence adduced by the Commonwealth at trial, Appellant violated both of the above-recited subsections.[1]

Nonetheless, the Majority has discerned a blanket exception for DUI charges that allegedly compels merger under § 9765. **See** Majority Opinion at 5 ("[T]his Court and our Supreme Court have consistently held that a defendant should not be subject to more than one sentence for a single criminal act that results in multiple convictions under the same subsection of the DUI statute."). The lynchpin[2] of the Majority's broad proclamation is this Court's non-precedential holding in **Commonwealth v. Burton**, 220 A.3d 649 (Pa.Super. 2019) (unpublished memorandum).

**Burton** did not adjudicate DUI charges related to controlled substances, but concerned two DUI convictions related to alcohol impairment at 75 Pa.C.S.

---

[1] The evidence establishing the presence of separate chemical compounds in Appellant's blood is also not in dispute. Kimberly Souder, a forensic scientist employed by the Pennsylvania State Police, testified to a "reasonable degree of medical certainty" that Appellant's blood contained both an "active compound" (Delta-9-THC) and a "metabolite" (Carboxy-THC) of marijuana. **See** N.T. Trial, 2/8/19, at 59. Appellant conceded to the presence of these distinct compounds in his blood. **See** N.T. Trial, 2/8/19, at 67.

[2] The Majority's citation to **Commonwealth v. McCurdy**, 735 A.2d 681, 685-86 (Pa. 1999), is unavailing because that case predates the adoption of 42 Pa.C.S. § 9765 and, consequently, does not apply the statutory elements test.

§§ 3802(a)(1) and 3802(a)(2) ("General impairment."). Upon reviewing the language of the statutes, this Court concluded that "these two provisions proscribe the offense of DUI-general impairment but allow for proof of the offenses by different means of evidence: observation versus BAC measurement."[3] *Id*. at 4-5. Thus, we held that these DUI charges should merge for sentencing purposes.

However, this portion of **Burton** relies upon an outmoded iteration of Pennsylvania's merger doctrine. Indeed, **Burton** explicitly disclaims application of the statutory elements test required by § 9765. *Id*. at 5-6 ("'[W]e need not engage in the traditional merger analysis of lesser and greater included offenses. Instead we examine the rationale favoring merger where a defendant has engaged in a single criminal act and he is found guilty of violating more than one section of a statute.'") (quoting **Commonwealth v. Dobbs**, 682 A.2d 388, 391 (Pa.Super. 1996)); **see also Commonwealth v. Williams**, 871 A.2d 254, 262-64 (Pa.Super. 2005) (same) (quoting **Dobbs**, **supra** at 391). This Court has explicitly disapproved of **Dobbs** and its progeny in precedential writings. **See Commonwealth v. Cianci**, 130 A.3d 780, 783 n.2 (Pa.Super. 2015) ("Appellant's reliance upon [**Dobbs**] is

---

[3] Specifically, 75 Pa.C.S. § 3802(a)(1) focuses on officer observations, while 75 Pa.C.S. § 3802(a)(2) requires proof related to the content of alcohol in the defendant's "blood or breath." In relevant part, there is no such distinction in the subsections at 75 Pa.C.S. §§ 3802(d)(1)(i) and 3802(d)(1)(iii), which uniformly requires proof related to the amount of a particular chemical present in "the individual's blood." This is yet another important factor that distinguishes the holding in **Commonwealth v. Burton**, 220 A.3d 649 (Pa.Super. 2019) (unpublished memorandum), from the instant case.

misplaced. Merger law has evolved substantially since that case was decided. **Instead, [§] 9765 and the "elements" approach to merger govern Appellant's issues.**" (emphasis added)).

Undeterred, the Majority's holding announces a new and significant exception to sentencing merger under § 9765, namely that "where the defendant committed a single act of driving while his blood contained a parent compound and a metabolite of the **same** controlled substance, the defendant should not be subject to separate sentences for multiple convictions arising under [§] 3802(d)(1)." Majority Opinion at 6 (emphasis in original).

This conclusion ignores the actual language of the relevant statute, wherein the presence of completely different chemical compounds are required for a conviction at each of the at-issue subsections. *Compare* 75 Pa.C.S. § 3802(1)(i) *with* 75 Pa.C.S. § 3802(1)(iii). The Majority has essentially interpolated a distinction that does not exist on the face of the statute by choosing to treat "parent compounds" and "metabolites" as co-extensive as a matter of law. To the contrary, the General Assembly's drafting of 75 Pa.C.S. §§ 3802(d)(1)(i) and 3802(d)(1)(iii) manifests an intent to cast a wide net in separately criminalizing driving with either a controlled substance, or a metabolite thereof, in one's blood stream. Each subsection contains an element that the other does not and the Commonwealth can prove a violation of one subsection without proving a violation of the other.

Additionally, the Majority's analysis ignores the precedent of this Court establishing that a single course of conduct can subject a defendant to multiple

sentences under subsections of the same criminal statute. ***See***

***Commonwealth v. Rhoades***, 8 A.3d 912, 917-18 (Pa.Super 2010) (holding

multiple convictions for aggravated assault stemming from a single course of

conduct but charged at separate subsections of the same statute did not

merge due to lack of similarity in the respective statutory elements); ***see***

***also***, ***e.g.***, ***Commonwealth v. Talley***, 236 A.3d 42, 52-54 (Pa.Super. 2020)

(holding that multiple convictions for stalking charged at different subsections

of the same statute did not merge under § 9765).[4]

I am greatly concerned that the Majority's holding will encourage the

disparate application of § 9765 by creating one merger doctrine that applies

to Pennsylvania's DUI statute, and a separate merger doctrine for all other

criminal statutes. Accordingly, I respectfully dissent as to the Majority's

finding of merger. In all other respects, I concur in the Majority's holding.

---

[4] The Majority's argument also suggests that the different subsections of Pennsylvania's DUI statute "simply provide alternate means by which the Commonwealth can establish the offense." Majority Opinion at 6. In ***Commonwealth v. Talley***, 236 A.3d 42, 52-54 (Pa.Super. 2020), this Court explicitly rejected a very similar argument that the separate subsections of Pennsylvania's stalking statute were merely "alternate means of proving the same offense" for merger purposes under § 9765. Specifically, this Court concluded that these offenses did not merge because, *inter alia*, "not all of the elements of one subsection . . . are included in the other." ***Id***. at 54.