J-S69005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY CIANCI | |
| Appellant | No. 3459 EDA 2014 |

Appeal from the Judgment of Sentence February 5, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004570-2012

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., and OLSON, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED DECEMBER 07, 2015**

Appellant, Anthony Cianci, appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, following his jury trial convictions for aggravated assault, simple assault, and recklessly endangering another person ("REAP").[1] We affirm.

The relevant facts and procedural history of this appeal are as follows. On the evening of July 3, 2012, Appellant and his girlfriend, Riana Hamlet, were entertaining some friends at their apartment. Appellant became intoxicated. At one point, Appellant took money set aside for rent and left the apartment to purchase drugs, which upset Ms. Hamlet. When Appellant returned to the apartment, he started punching Ms. Hamlet in the head,

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2701(a)(1), 2705.

causing her to fall to the ground. Appellant then started arguing with one of the guests, who called the police. The police arrived but then left to take the guest and her child home. Ms. Hamlet remained outside the apartment building away from Appellant until around 3:00 or 4:00 a.m. on the morning of July 4, 2012. When Ms. Hamlet went back into the apartment, Appellant repeatedly told her to sleep on the couch but she refused. Appellant then grabbed Ms. Hamlet's hair and dragged her out of their bedroom into the kitchen. Ms. Hamlet entered another bedroom, at which point Appellant began to punch Ms. Hamlet in the face and head. The following day, a friend drove Ms. Hamlet to the hospital to receive treatment for her injuries, which included an orbital blowout fracture, a swollen lip, and multiple bruises and scratches.

Following a two-day trial, a jury convicted Appellant of aggravated assault, simple assault, and REAP. On February 5, 2013, the court sentenced Appellant to a term of sixty (60) to one hundred twenty (120) months' incarceration followed by five (5) years' probation for aggravated assault, and a consecutive term of six (6) to twelve (12) months' incarceration for REAP. The court merged Appellant's simple assault conviction for sentencing. Appellant filed a timely post-sentence motion on February 14, 2013, which the court denied on February 21, 2013. Appellant did not immediately file a direct appeal. On March 10, 2014, Appellant filed a timely *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA")

at 42 Pa.C.S.A. §§ 9541-9546.  The court appointed counsel, who filed an amended PCRA petition requesting reinstatement of Appellant's direct appeal rights *nunc pro tunc*.  The court granted PCRA relief on November 6, 2014. Appellant filed a timely notice of appeal *nunc pro tunc* on December 1, 2014. The court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b).  After the court granted an extension, Appellant timely complied.

Appellant raises one issue for our review:

> WHETHER THE SENTENCE IS ILLEGAL SINCE THE CRIMES OF RECKLESSLY ENDANGERING ANOTHER PERSON AND AGGRAVATED ASSAULT SHOULD HAVE MERGED?

(Appellant's Brief at 5).

In his sole issue, Appellant argues his convictions for REAP and aggravated assault should have merged for sentencing purposes.  Appellant contends merger is appropriate because identical facts supported both convictions and all of the elements of REAP are included in the elements of aggravated assault.  Appellant concludes this Court should vacate his judgment of sentence and remand for resentencing.  We disagree.

"A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence.  Therefore, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Quintua***, 56 A.3d 399, 400 (Pa.Super. 2012), *appeal denied*, 620 Pa. 730, 70 A.3d 810 (2013) (citing ***Commonwealth v. Allen***, 24 A.3d 1058, 1062

(Pa.Super. 2011)).

The Pennsylvania Crimes Code defines the crime of aggravated assault in pertinent part as follows:

**§ 2702. Aggravated assault**

**(a) Offense defined.—**A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]

18 Pa.C.S.A. § 2702(a)(1). REAP is defined as follows:

**§ 2705. Recklessly endangering another person**

A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

18 Pa.C.S.A. § 2705. To sustain a conviction for REAP, "the Commonwealth must prove that the defendant had an actual present ability to inflict harm and not merely the apparent ability to do so. Danger, not merely the apprehension of danger, must be created." ***Commonwealth v. Hopkins***, 747 A.2d 910, 915 (Pa.Super. 2000) (internal citation omitted).

Whether two offenses merge for sentencing now turns on Section 9765 of the Sentencing Code, which addresses merger and provides:

**§ 9765. Merger of sentences**

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act **and** all of the statutory elements of one offense are included in the

statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765 (emphasis added). **See Commonwealth v. Coppedge**, 984 A.2d 562, 563 (Pa.Super. 2009) (stating cases decided before effective date of Section 9765 are not instructive in merger analysis; relevant question in merger analysis now is whether person **can** commit one crime without also committing other crime and vice-versa, regardless of whether crimes arose from same set of facts; if elements differ, under legislative mandate of Section 9765, crimes do not merge).

Instantly, a conviction for aggravated assault requires a person, under circumstances manifesting extreme indifference to the value of human life, to (1) attempt to cause serious bodily injury to another, or (2) cause such injury intentionally, knowingly or recklessly. **See** 18 Pa.C.S.A. § 2702(a)(1). By contrast, to commit REAP, a person must recklessly engage in conduct which places or may place another person in **actual** danger of death or serious bodily injury. **See** 18 Pa.C.S.A. § 2705; **Hopkins, supra**. Aggravated assault contains an element missing from REAP—serious bodily injury or an attempt to cause serious bodily injury. On the other hand, an individual could recklessly place another person in danger of serious bodily injury without attempting to cause (or actually causing) serious bodily injury, which would support a conviction for REAP, but not for aggravated assault. **See, e.g., Commonwealth v. Vogelsong**, 90 A.3d 717

(Pa.Super. 2014) (affirming REAP conviction of defendant who twice let her horse wander unattended on busy roadway and consciously disregarded substantial risk of injury posed to passing motorists). Additionally, unlike aggravated assault, REAP requires the element of actual danger of death or serious bodily injury. An individual could attempt to cause serious bodily injury to another person without placing that person in actual danger, which would support a conviction for aggravated assault but not REAP. *See, e.g., Commonwealth v. Lopez*, 654 A.2d 1150 (Pa.Super. 1995) (holding defendant who discharged firearm into empty residence could be convicted of aggravated assault if he acted with intent to cause serious bodily injury to person he believed was in residence even though that person was elsewhere). Each offense requires proof of an element that is absent from the other offense, and one offense can be committed without committing the other offense. Therefore, Appellant's convictions for aggravated assault and REAP do not merge for sentencing.[2] *See* 42 Pa.C.S.A. § 9765. Accordingly, we affirm.

Judgment of sentence affirmed.

President Judge Emeritus Ford Elliott joins this memorandum.
Judge Olson concurs in the result.

---

[2] Appellant's reliance on *Commonwealth v. Dobbs*, 682 A.2d 388 (Pa.Super. 1996), is misplaced. Merger law has evolved substantially since that case was decided. Instead, Section 9765 and the "elements" approach to merger govern Appellant's issue. *See Quintua, supra*; *Coppedge, supra*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/7/2015