J-S74044-16

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DAVID BRACETTY :
:
Appellant : No. 2655 EDA 2015

Appeal from the Judgment of Sentence August 21, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012080-2014

BEFORE: OTT, RANSOM, JJ., STEVENS, P.J.E.*

MEMORANDUM BY RANSOM, J.: **FILED NOVEMBER 08, 2016**

David Bracetty appeals from the August 21, 2015 judgement of
sentence imposed following a non-jury trial finding him guilty of robbery,
theft by unlawful taking, receiving stolen property and simple assault. [1] The
trial court imposed a sentence of two and one-half to five years'
incarceration, followed by two years' probation for robbery to run concurrent
with two five-year terms of probation imposed for theft by unlawful taking
and receiving stolen property. We affirm in part and vacate in part.

We briefly summarize the relevant facts and procedural history as
follows. On August 8, 2014, around 6:00 p.m., Appellant's ex-girlfriend
("the Victim") was standing on the corner with their three-year-old daughter
and a friend. **See** Notes of Testimony, 5/29/2015, at 7-8 ("N.T.").

_____

[1] Respectively, 18 Pa.C.S. §§ 3701(a)(1)(iv), 3921(a), 3925(a), 2701(a).


*Former Justice specially assigned to the Superior Court.

Appellant approached the Victim and did not want the Victim's friend to go into the apartment. *See* N.T. at 10. The Victim was on her cellphone at the time. *See id.* at 7-8. Appellant "became belligerent and started grabbing at [the Victim's cellphone]." *Id.* at 8, 21. Appellant "hit the Victim in the face with the [electronic] tablet he was holding and continued to grab at her phone." Trial Ct. Op., 03/22/2016, at 2; N.T. at 7-9, 20. The Victim hung up her call and proceeded to dial 911. *See* Trial Ct. Op., 03/22/2016, at 2; N.T. at 10, 21. As the Victim was on the phone with the police, Appellant "eventually overpowered her and took her cellphone." Trial Ct. Op., 03/22/2016, at 3. Thereafter, according to the Victim, she lay on the ground in a fetal position, and Appellant kicked her in the stomach two or three times. *See* Trial Ct. Op., 03/22/2016, at 3; N.T. at 11.

Around 7:34 p.m., the Victim provided an "informative" statement to Officer Silva, who prepared a domestic violence report to document the incident. *See* N.T. at 24, 27-28, 29-32; Official Domestic Violence Rpt., 8/8/14. The report indicates that the Victim did not report any specific injuries and that she did not have any "visible injury" at that time. *Id.* at 33.

The Victim's mother testified that Appellant took two bricks and broke her car and house windows between 6:00 and 7:00 p.m. on the same

evening. *See id.* at 38-39, 47.[2] Around 9:00 p.m., Officer Semet received a call about "a person with a gun" in the mother's neighborhood. *Id.* at 54. When he arrived, the mother approached the Officer and reported Appellant for breaking the windows. *Id.* at 53. Officer Semet located Appellant two blocks away from the mother's house and placed him under arrest. *Id.* at 55. When searched, Appellant did not have the Victim's cellphone. *Id.* at 55-56. "The Victim never recovered her cellphone." Trial Ct. Op., 3/22/2016, at 3.

Around 12:15 a.m., on August 9, 2014, Detective King interviewed the Victim, at which time he observed a bite mark on the Victim's breast, as well as scrapes and bruises on her feet and arms, apparently suffered during the earlier incident with Appellant. *See id.* at 56-60.[3]

According to Appellant, the Victim embellished her story. He testified that he had moved out of Victim's apartment four days before the incident and that he approached the Victim because he wanted to go to the store with his three-year-old daughter. *Id.* at 78, 83-84. The trial judge, however, found the Victim's story more credible. N.T. at 85. Appellant was

---

[2] According to the mother, Appellant "was staying with [the Victim] in the apartment but they were fighting all of the time." N.T. at 45. Despite Appellant's objection based on inconsistencies in the mother's story, the trial judge allowed the testimony. *See id.* at 48.

[3] Contrary to his normal practice, Detective King did not photograph the Victim's injuries, nor did he record his observations in his report. *See id.* at 57, 59.

convicted of robbery, theft by unlawful taking, receiving stolen property, and simple assault. Sentencing occurred on August 21, 2015.

On August 28, 2015, Appellant *pro se* filed an appeal from the judgment of sentence without consulting counsel. Unaware of the appeal, trial counsel filed a motion for reconsideration of sentence on August 31, 2015.

On October 30, 2015, Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement, challenging the sufficiency and weight of the evidence. On January 7, 2016, the trial court denied Appellant's motion for reconsideration of sentence. **See** Trial Ct. Order, 1/7/2016 (citing Pa.R.Crim.P. 720(B)(3)(c) (denying post-sentence motion by operation of law after one hundred and twenty days)).[4]

In this Court, Appellant filed an application to quash the pending, *pro se* appeal and remand to preserve sentencing issues. **See** Appellant's Application for Remand, 1/12/2016. This Court denied the petition without prejudice as to Appellant's right to raise additional issues in a supplemental

---

[4] We accept his appeal as properly filed on January 7, 2016. **See** **Commonwealth v. Cooper**, 27 A.3d 994, 1008 (Pa. 2011). ("The merely premature pro se appeal did not divest the trial court of jurisdiction to act upon the timely post-sentence motion later filed by appellee's own counsel in accordance with Criminal Rule 720(A)."). "Under the circumstances, where the proper, counseled appeal was quashed administratively, the subsequently-assigned Superior Court panel should have treated the premature appeal as if it had been filed after denial of the post-sentence motion in accordance with Pa.R.A.P. 905(a)(5)." **Id.** at 1008.

Pa.R.A.P. 1925(b) statement. *See* Sup. Ct. Order, 2655 EDA 2015, 2/3/2016. Subsequently, Appellant filed an amended Pa.R.A.P. 1925(b) statement, further preserving a challenge to discretionary aspects of his sentence. The trial court filed a responsive opinion on March 22, 2016.[5]

Appellant contends that the trial court should not have imposed separate sentences on the theft and robbery charges because they arose out of the same incident and because the theft charges should have merged with robbery. *See* Appellant's Brief at 8-9. Specifically, Appellant raises the following issue:

> Did the trial court err when it failed to merge the robbery and theft convictions for purposes of sentencing and thus the sentences imposed on the theft convictions are illegal and must be vacated?

Appellant's brief at 2.

"A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence. Therefore, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Cianci*, 130 A.3d 780, 782 (Pa. Super. 2015) (quoting *Commonwealth v. Quintua*, 56 A.3d 399, 400 (Pa. Super. 2012), *appeal denied*, 70 A.3d 810 (Pa. 2013) (citation omitted)). "[W]here a case requires a correction of a sentence, this [C]ourt has the option of either remanding for resentencing,

_____

[5] Appellant has abandoned the issues preserved in his amended Pa.R.A.P. 1925(b) statement.

or amending the sentence directly." ***Commonwealth v. Walls***, 449 A.2d 690, 696 (Pa. Super. 1982).

We discern two errors in Appellant's sentence. First, "the statutory definitions of the crimes of theft and receiving render it logically impossible that one person be both the thief and receiver of the same item[.]" ***Commonwealth v. Tessel***, 500 A.2d 144, 151 (Pa. Super. 1985) (citing ***Commonwealth v. Simmons***, 36 A.2d 624, 631 (Pa. Super. 1975)). A person may be charged with violating Sections 3921(a) and 3925(a) based on a single criminal act, however, "a judgment of sentence can only be imposed on one or the other." ***Simmons***, 336 A.2d at 631; ***see*** 18 Pa.C.S. §§ 3921(a), 3925(a).[6]

Here, the trial court imposed concurrent, five-year terms of probation for theft by unlawful taking and receiving stolen property.[7] Based on the facts of this case, it is clear that Appellant took unlawful control of the

---

[6] Theft by unlawful taking occurs when the accused "takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S. § 3921(a). Receiving stolen property occurs when a person "intentionally receives, retains, or disposes of moveable property of another knowing that it has been stolen." ***Id.*** at § 3925 (defining "receiving" as acquiring possession).

[7] In support of the theft by unlawful taking charge, the trial court states "it is absolutely clear from Victim's testimony that Appellant unlawfully took her cell phone without her permission." Trial Ct. Op., 3/22/2016, at 6. In support of the receiving stolen property charge, the trial court states "it is absolutely clear that Appellant received and retained the Victim's cell phone without intent to return it to her and he had knowledge that the cell phone was stolen." ***Id.*** at 5-6.

Victim's cellphone. However, the fact that Appellant stole the phone precludes the imposition of a sentence for the crime of receiving stolen property. **See Simmons**, 336 A.2d at 631; **Tessel**, 500 A.2d at 151. Accordingly, the trial court erred and we vacate that the portion of Appellant's sentence imposed for receiving stolen property.

Second, Appellant's merger claim has merit. To determine whether convictions merge for sentencing purposes, we apply the following test: "merger is appropriate only when two distinct criteria are satisfied: (1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included within the statutory elements of the other." **Commonwealth v. Jenkins**, 96 A.3d 1055, 1056 (Pa. Super. 2014) (citing 42 Pa.C.S. § 9765); **Commonwealth v. Baldwin**, 985 A.2d 830, 833 (Pa. 2009); **Commonwealth v. Payne**, 868 A.2d 1257, 1263 (Pa. Super. 2005). If merger is appropriate under the elements based approach, the higher-graded offense subsumes the lower-graded offense for sentencing purposes. **See Cianci**, 130 A.3d at 782; **Commonwealth v. Coppedge**, 984 A.2d 562, 564 (Pa. Super. 2009) (citing 42 Pa.C.S.A. § 9765).

Here, the trial court addressed the sufficiency of evidence regarding the theft in the following manner:

> In review of the evidence, it is absolutely clear from [the] Victim's testimony that Appellant unlawfully took her cell phone without permission. He forcibly took the phone from her during a physical altercation. The Victim never had the phone returned to her.

Trial Ct. Op. at 6. Regarding the robbery, the trial court noted:

> In review of the evidence, it is absolutely clear that Appellant in the course of committing a theft, inflicted bodily injury on the Victim and physically removed her phone by force. The Victim testified that during the altercation with ... Appellant, ... Appellant proceeded to hit the Victim with a tablet while he was grabbing for her phone.

*Id.* at 5 (discussing, thereafter, additional evidence supporting Appellant's separate conviction for simple assault). Based upon the trial court's description of the evidence sufficient to convict Appellant of these two crimes, we conclude that these crimes arise from a single criminal act, thus satisfying the first criterion of the merger test. *Jenkins*, 96 A.3d at 1056.

In our view, the elements-based criterion of the merger test is also satisfied. To satisfy this criterion, we must "focus[] solely on the elements of the offenses for which a criminal defendant has been convicted." *Id.* at 1058. Here, Appellant was convicted of robbery, graded as a felony of the second degree.

> A person is guilty of robbery if, *in the course of committing a theft*, he ... inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury.

18 Pa.C.S. § 3701(a)(1)(iv) (emphasis added); *see Cianci*, 130 A.3d at 782 ("relevant question in merger analysis now is whether person can commit one crime without also committing other crime and vice-versa, regardless of whether crimes arose from same set of facts."). Appellant was also convicted of theft by unlawful taking, graded as a first-degree misdemeanor.

A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.

*Id.* at § 3921(a). We conclude that the statutory elements of "theft by unlawful taking," as defined in Section 3921(a), are necessary to establish the relevant statutory element of robbery, *i.e.,* "in the course of committing a theft." 18 Pa.C.S. § 3701(a)(1)(iv).

For these reasons, Appellant's conviction for theft by unlawful taking must merge for sentencing purposes into his conviction for robbery. Accordingly, we vacate that portion of Appellant's sentence imposed for theft by unlawful taking.[8]

Judgment of sentence for robbery affirmed. Judgments of sentence for receiving stolen property and theft by unlawful taking vacated.

---

[8] The Commonwealth asserts that Appellant "committed at least six separate acts of criminal violence against [the Victim] when he stole her cell phone. Commonwealth's Brief at 7. According to the Commonwealth, these separate acts preclude merger in Appellant's case. *Id.* at 8. We disagree. Appellant's robbery and theft charges arise from a single act of thievery during which Appellant inflicted bodily injury upon the Victim. To the extent Appellant committed additional acts of violence, such acts are irrelevant to our merger analysis, as made clear by the trial court opinion. *See* Trial Ct. Op. at 5-6 (discussing the sufficiency of evidence for robbery and theft), 7 (discussing the sufficiency of the evidence for simple assault).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/8/2016</u>