J-A13008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                      :          PENNSYLVANIA
                                                      :

             v.                                           :
                                                      :

GREGORY EDWARDS                   :
                                                      :
           Appellant               :    No. 158 EDA 2016

Appeal from the Judgment of Sentence November 30, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002593-2015

BEFORE:    LAZARUS, J., OTT, J., and FITZGERALD,[*] J.

CONCURRING AND DISSENTING STATEMENT BY FITZGERALD, J.:

**FILED OCTOBER 23, 2017**

       I agree with the majority's disposition of Appellant's challenges to the sufficiency of the evidence for simple assault, terroristic threats, and possessing an instrument of crime.  However, I respectfully differ from the majority's conclusion that there was sufficient evidence to sustain the conviction for recklessly endangering another person ("REAP").[1]  In my view, Appellant did not achieve a present ability to risk serious bodily injury to the loss prevention officer or others based on his possession of a concealed knife.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2705.

Section 2705 of the Crimes Code states: "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. A conviction for reckless endangerment requires "the Commonwealth . . . prove that the defendant had an actual present ability to inflict harm and not merely the apparent ability to do so. Danger, not merely the apprehension of danger, must be created." *Commonwealth v. Cianci*, 130 A.3d 780, 782 (Pa. Super. 2015) (citation and quotation marks omitted). The actual harm or danger must relate to serious bodily injury, which "is defined as 'bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ.'" *Commonwealth v. Martuscelli*, 54 A.3d 940, 949 (Pa. Super. 2012) (discussing 18 Pa.C.S. §§ 2301, 2705).

Instantly, it is undisputed that throughout his altercation with the store manager and the loss prevention officer, Appellant possessed a concealed knife and threatened that he had a needle and was HIV-positive. However, it was not until Appellant was wrestled to the ground that Appellant stated he had a knife. The loss prevention officer was able to disarm Appellant without an additional struggle over the knife. Accordingly, I find the cases discussed by the majority distinguishable and would vacate Appellant's conviction for REAP. *See Commonwealth v. Rahman*, 75 A.3d 497, 502-03 (Pa. Super. 2013) (affirming conviction for REAP, when the defendant's

aggression against a police officer could have caused the officer to fall down stairs near the edge of a balcony); ***Commonwealth v. Mitchell***, 554 A.2d 542, 548 (Pa. Super. 1989) (affirming conviction for REAP when the defendant's struggle over a police officer's firearm, could have caused the firearm to discharge).

Thus, I dissent from the majority's decision to affirm the REAP conviction.