**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

**BAER, C.J., SAYLOR, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 26 EAP 2020 |
| | : | |
| Appellee | : | Appeal from the Judgment of |
| | : | Superior Court entered on February |
| | : | 12, 2020 at No. 3693 EDA 2017 |
| v. | : | affirming, reversing, and vacating |
| | : | the order entered on July 25, 2017 |
| | : | in the Court of Common Pleas, |
| MARK EDWARDS, | : | Philadelphia County, Criminal |
| | : | Division at No. CP-51-CR-0011484- |
| Appellant | : | 2015. |
| | : | |
| | : | SUBMITTED: January 22, 2021 |

**OPINION**

**JUSTICE MUNDY**                                        **DECIDED: August 17, 2021**

In this case, we construe our merger statute, 42 Pa.C.S. § 9765,[1] and consider for

sentencing purposes whether Appellant's conviction for Recklessly Endangering Another

Person (REAP), 18 Pa.C.S. § 2705,[2] merges into his conviction for Aggravated Assault

---

[1] § 9765. Merger of sentences

> No crimes shall merge for sentencing purposes unless the
> crimes arise from a single criminal act and all of the statutory
> elements of one offense are included in the statutory elements
> of the other offense. Where crimes merge for sentencing
> purposes, the court may sentence the defendant only on the
> higher graded offense.

42 Pa.C.S. § 9765.

[2] § 2705. Recklessly endangering another person

pursuant to 18 Pa.C.S. § 2702(a)(1).[3] More precisely, we consider whether the Superior Court correctly evaluated the statutory elements of each crime for which Appellant was convicted, rather than the particular proven facts, in determining merger was not appropriate. For the reasons that follow, we affirm the Superior Court's decision regarding the discrete issue before us.

The lower courts summarized the relevant factual and procedural history as follows:

> [O]n Saturday, August 15, 2015, just before 7:00 p.m., a tan 2004 Ford Mercury Grand Marquis occupied by a single male driver travelled at a high rate of speed and struck a moving vehicle occupied by two adults and one child in a residential neighborhood near the corners of Large Street and Magee Avenue in Northeast Philadelphia. Eyewitnesses observed that following the striking of the first occupied vehicle, the vehicle, . . . [the] Marquis, then continued to travel erratically at a high rate of speed and without stopping, turned from Magee Avenue and onto the 6600 block of Sylvester Street[,] where it collided with multiple parked vehicles along the way.
>
> After hitting numerous parked cars, witnesses saw this same vehicle strike a six[-]year[-]old child who had been riding her bike and playing on the sidewalk near her home located within the same block. The force of this collision sent this slight and small child flying into the air and landing head first in a neighbor's side garden. Appellant . . . was then observed unsuccessfully attempting to escape by driving the vehicle into another

---

> A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

18 Pa.C.S. § 2705.

[3] § 2702. Aggravated Assault

> (a) Offense defined.—A person is guilty of aggravated assault if he:
>
> > (1) *attempts to cause* serious bodily injury to another, *or causes* such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life.

18 Pa.C.S. § 2702(a)(1) (emphasis added).

parked car[,] which blocked his exit. Appellant was seen immediately thereafter leaping from the driver's side of the car and running on foot away from the path of destruction he caused.

The injured child's mother . . . reported that just before the crash she heard the screeching of an approaching vehicle as it swerved and sped down the 6600 block of Sylvester Street where she was standing in front of her home. As she saw the vehicle striking numerous parked cars, she ran immediately toward her daughter in an attempt to pull her from the sidewalk to safety. . . . As [Mother] ran to her daughter[,] she saw the back of the male driver of the striking vehicle as he exited the driver['s] side of the otherwise unoccupied vehicle and [ran] away from his misdeeds.

*Commonwealth v. Edwards*, 229 A.3d 298, 300-303 (Pa. Super. 2020).

At the conclusion of a bench trial, Appellant was found guilty on all charges, which included one count of aggravated assault pursuant to 18 Pa.C.S. § 2702(a)(1), and one count of REAP pursuant to 18 Pa.C.S. § 2705.[4] Prior to sentencing, the presiding judge directed the completion of presentence evaluations and mental health evaluations. On July 25, 2017, a sentencing hearing was conducted. After hearing testimony and conducting a review of all presentence and mental health evaluations, victim impact statements, and correspondence submitted on behalf of Appellant, he was sentenced to an aggregate term of ten to twenty-five years' imprisonment.[5] As it pertains to the issue before this Court, Appellant received consecutive sentences of: (1) six to twelve months'

---

[4] In total, Appellant was convicted of one count of the following: Aggravated Assault, 18 Pa.C.S. § 2702(a)(1); Aggravated Assault by Vehicle, 75 Pa.C.S. § 3732.1(a); Accident Involving Death or Personal Injury, 75 Pa.C.S. § 3742(a); Simple Assault – Attempt or Cause Bodily Injury to a Child, 18 Pa.C.S. § 2701; Recklessly Endangering Another Person, 18 Pa.C.S. § 2705; Accident Involving Damage Attended Vehicle/Property, 75 Pa.C.S. § 3743(a); and Possessing an Instrument of a Crime, 18 Pa.C.S. § 907(a). Appellant was also convicted of four counts of Criminal Mischief – Tampering with Property, 18 Pa.C.S. § 3304(a)(2).

[5] The court also imposed rehabilitative conditions, including participation in anger management classes, vocational training, employment training, dual diagnosis evaluation and treatment, and drug and alcohol screening. Appellant was also ordered to have no contact with the Commonwealth's witnesses, and to submit to random drug and alcohol testing. Restitution was ordered in the amount of $3,724.00.

incarceration for his REAP conviction, and (2) seven years and six months' to twenty years' incarceration for his aggravated assault conviction.

Appellant filed a timely post-sentence motion, which the trial court denied on October 18, 2017. On November 17, 2017, Appellant filed a timely notice of appeal, challenging the sufficiency of the evidence pertaining to his convictions for criminal mischief and the instant merger issue. Specifically, Appellant raised the following issue regarding merger: "Should not the sentence for aggravated assault and REAP have merged where 1) the two offenses meet the elements test set out in 42 Pa.C.S. § 9756; and 2) assuming *arguendo* the elements test was not met, Section 9756 is unconstitutional on its face and as applied, as it conflicts with the Pennsylvania judicial test for merger and violates separation of powers and double jeopardy rights under the Pennsylvania Constitution?" Appellant's Superior Court Brief at 3-4.

In his argument regarding merger, Appellant relied in part on a footnote in this Court's decision in *Commonwealth v. Baldwin*, 985 A.2d 830 (Pa. 2009).[6] In *Baldwin*, this Court considered whether carrying a firearm without a license, 18 Pa.C.S. § 6106,[7] and

---

[6] Appellant did not argue the applicability of *Baldwin*'s central holding; rather, he claimed only footnote 6 applied. *See* Appellant's Superior Court Brief at 35.

[7] § 6106. Firearms not to be carried without a license

> (1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

> (2) A person who is otherwise eligible to possess a valid license under this chapter but carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license and has

carrying a firearm on the public streets of Philadelphia, 18 Pa.C.S. § 6108,[8] should merge

for sentencing purposes. *Id.* at 832. Baldwin argued that both crimes should merge

where the same narrow set of facts established both crimes as any other interpretation

would trigger double jeopardy concerns. *Id.* The *Baldwin* Court examined the text of

each statute, and decided merger was not appropriate as each offense included an

element that the other did not. *Id.* at 835 ("[Section 9765] makes the legislature's intent

with respect to merger manifest. That intent focuses solely on the elements of the

offenses for which a criminal defendant has been convicted."). In footnote 6, the Court

cautioned trial courts to take care in determining which particular violations of law are at

issue in a given case based on the "simple legislative reality" that conduct prohibited by

some statutes may overlap.[9] *Id.* at 837.

---

> not committed any other criminal violation commits a
> misdemeanor of the first degree.

18 Pa.C.S. § 6106(a)(1)-(2).

[8] § 6108. Carrying firearms on public streets or public property in Philadelphia

> No person shall carry a firearm, rifle or shotgun at any time
> upon the public streets or upon any public property in a city of
> the first class unless:
>
> (1) such person is licensed to carry a firearm; or
>
> (2) such person is exempt from licensing under section
> 6106(b) of this title (relating to firearms not to be carried
> without a license).

18 Pa.C.S. § 6108(1) – (2).

[9] The relevant text of footnote 6 is as follows:

> It is no coincidence that we decline to characterize Section
> 9765 in terms any broader than the statute's own language.
> It is, in the final analysis, an enactment of this
> Commonwealth's legislature that must be interpreted
> according to the rules of statutory construction, 1 Pa.C.S. §
> 1901, et seq. Labels, such as 'pure elements test' and 'strict

The Superior Court unanimously reversed Appellant's four criminal mischief convictions, vacated the judgment of sentence, and remanded the case for resentencing. *Commonwealth v. Edwards*, 229 A.3d 298, 300 (Pa. Super. 2020). The panel concluded insufficient evidence existed to sustain the criminal mischief convictions since Appellant's damage to the idle neighborhood cars did not constitute tampering. *Id.* at 310. Upon examining the plain language of the statute, the Superior Court deemed "tamper" to constitute more than the mere damage Appellant caused when he crashed into several parked cars while travelling at a high rate of speed. *Id.*

With regard to merger, the panel concluded that Appellant's sentences for aggravated assault and REAP should not merge. *Id.* at 312. It noted Appellant's

---

elements approach,' have often led to greater mischief. . . . [In *Whalen v. United States*, 445 U.S. 684 (1980)], the Court demonstrated a recognition that examination of the elements of the crimes *as charged* is sometimes necessary, especially when dealing with an offense that can be proven in alternate ways.

Therefore, while Section 9765 indeed focuses on an examination of 'statutory elements,' we cannot ignore the simple legislative reality that individual criminal statutes often overlap, and proscribe in the alternative several different categories of conduct under a single banner. *See, e.g.*, Aggravated Assault, 18 Pa.C.S. § 2702 (defining seven distinct violations of law); Involuntary Deviate Sexual Intercourse, 18 Pa.C.S. § 3123 (setting forth eight separate violations). Consequently, in such cases, we caution that trial courts must take care to determine which particular "offenses," i.e. violations of law, are at issue in a particular case. *See, e.g., Commonwealth v. Johnson*, 874 A.2d 66, 71 n.2 (Pa. Super. 2005) (recognizing that a particular subsection of a criminal statute may merge with another crime as a lesser-included offense even though a different subsection of that same statute may not).

*Baldwin*, 985 A.2d at 837, n.6.

convictions arose from the same criminal act of striking the victim with his vehicle. *Id.* at 313. Thus, the question of merger hinged on whether all of the statutory elements of aggravated assault included the elements of REAP. The panel concluded it did not, as "there are ways an individual *could* commit aggravated assault under Section 2702(a)(1) without committing REAP and vice versa[.]" *Id.* at 315.[10]

In so deciding, the panel relied heavily on its decision in *Commonwealth v. Cianci*, 130 A.3d 780 (Pa. Super. 2015). In *Cianci*, the defendant was charged and convicted of both aggravated assault pursuant to 18 Pa.C.S § 2702(a)(1) and REAP. *Id.* at 781. The *Cianci* panel concluded the sentences should not merge, since each crime required an element of proof that the other did not. *Id.* at 782. Specifically, it noted aggravated assault contained the element of serious bodily injury or an attempt to cause serious bodily injury. Unlike aggravated assault, REAP required the element of actual danger of death or serious bodily injury. Since it was possible to place another person in danger of serious bodily injury without attempting to cause or actually causing serious bodily injury (and vice versa), the *Cianci* panel concluded merger was not warranted. *Id.* at 782.

In the instant matter, the Superior Court panel rejected Appellant's claims that *Cianci* was distinguishable. Namely, it rejected Appellant's argument that the panel in *Cianci* did not consider the narrower question of whether a conviction under the "actually causing injury" portion of Section 2702(a)(1) merged with REAP. It explained Appellant was not convicted of "attempting to cause serious bodily injury" or "causing such injury intentionally, knowingly, or recklessly"—he was convicted of aggravated assault under Section 2702(a)(1) generally. *Edwards*, 229 A.3d at 313. The panel stated it remained

---

[10] In response to Appellant's constitutional argument, the Superior Court found it warranted no relief since the merger statute, Section 9756, does not violate the separation of powers doctrine, nor does it violate Pennsylvania's double jeopardy clause. This issue is not presently before this Court.

unconvinced that Section 9765 required such parsing as Appellant suggested. As this Court did in *Baldwin*, the *Cianci* panel did not delineate which specific parts of the subsection were applicable since, pursuant to Section 9765, it was not required to evaluate which specific portions the Commonwealth actually proved. *Id.* at 314. Rather, the statute instructed the requisite question was how each statute *could* be violated. *Id.* at 314-315. Since there are ways in which a defendant could commit REAP without committing aggravated assault pursuant to Section 2702(a)(1), the panel found Appellant's argument inapposite. *Id.* at 315.

Appellant appealed, and we granted allocatur to review one specific issue: "Did not the Superior Court err in construing 42 Pa.C.S. § 9765 in an overly broad manner to bar merger even though all of the elements of the [REAP] offense are contained within the elements of the statutory alternative of the Aggravated Assault offense for which [Appellant] was convicted?" *Commonwealth v. Edwards*, 237 A.3d 978 (Pa. 2020) (per curiam).

Appellant advances many of the same arguments brought before the Superior Court. He claims that under *Baldwin*, this Court held that the Legislature's intent in enacting Section 9765 indicates its focus on the elements of the offenses for which a criminal defendant has been convicted. Appellant's Brief at 10 (citing *Baldwin*, 985 A.2d at 835). Appellant then argues, based on the specific facts under which he was convicted, the elements of REAP merge into the second statutory alternative under Section 2702(a)(1) for causing serious bodily injury. *Id.* at 11.

In finding otherwise, Appellant argues the panel erroneously failed to engage in a statutory construction analysis. *Id.* at 13. Had it done so, Appellant argues, it would have found that Section 9765 does not preclude an analysis of the specific events that constitute the criminal activity for which a defendant is being sentenced. *Id.* at 15.

Appellant argues this approach comports with the *Baldwin* decision, since the statutes at issue there did not contemplate two alternative types of prohibited conduct involving different elements. *Id.*

Moreover, Appellant argues the Superior Court's decision ignores the cautionary instruction offered by the *Baldwin* Court in footnote 6, which is that statutes containing many enumerated subsections, such as aggravated assault, should not be construed broadly. *Id.* at 15. Rather, where an offense is defined in many different ways, the specific elements of the particular offense which led to conviction should be considered and examined. In support, Appellant draws upon Justice Saylor's concurring opinion in *Baldwin* for the proposition that certain statutes require a determination of what statutory alternative the conviction rests on. *Id.* (quoting *Baldwin*, 985 A.2d at 839 ("Consequently, when assessing the appropriateness of merger, it is sometimes necessary to determine as a threshold matter which elements are in issue.")). Appellant also cites to federal case law and other Pennsylvania cases. However, these cases pre-date the enactment of our merger statute. *See Whalen v. United States*, 445 U.S. 684 (1980), *Rutledge v. United States*, 517 U.S. 292 (1996), *Commonwealth v. Anderson*, 650 A.2d 20 (Pa. 1994). Lastly, Appellant argues that any ambiguity in the interpretation of Section 9765 should be resolved in his favor under the rule of lenity.

As it did before the Superior Court, the Commonwealth agrees with Appellant that the elements of REAP merge into the specific subsection for aggravated assault under which Appellant was convicted, as it is appropriate under Section 9765 to examine the elements of the crimes as charged. It maintains the instant case presents the special circumstances under which this Court specifically cautioned in *Baldwin*. Commonwealth's Brief at 8. In accordance with the cautionary instruction in *Baldwin*, the trial court took care to determine Appellant was convicted of "Aggravated Assault – causing serious

bodily injury." *Id*. at 9 (citing Trial Court Opinion, 10/16/18, at 17). Under such an examination, aggravated assault encompasses the elements of REAP. *Id*. at 9.

Further, the Commonwealth disputes the Superior Court's reliance on its decision in *Cianci*. *Id*. at 10. It argues the *Cianci* court failed to mention the *Baldwin* Court's rejection of the strict elements test, or its cautionary instruction. *Id*. Moreover, the Commonwealth distinguishes this case by pointing out the defendant there was found guilty of "Aggravated Assault – *attempting* to cause serious bodily injury." *Id*. The Commonwealth argues the *Cianci* panel adopted a strict, technical merger test in derogation of the test espoused in *Baldwin*, following instead a case pre-dating *Baldwin*. *Id*. Accordingly, the Commonwealth argues the Superior Court erred in relying upon *Cianci* and thus, its misinterpretation of Section 9765 should be rejected.

A claim that crimes should merge for sentencing purposes raises a non-waivable challenge to the legality of the sentence; thus, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Collins*, 764 A.2d 1056, 1057 n.1 (Pa. 2001) (citing *Anderson*, 650 A.2d at 21). As noted above, the Commonwealth's Crimes Code defines the relevant subsection of aggravated assault as follows:

> § 2702. Aggravated Assault
>
> (a) Offense defined.—A person is guilty of aggravated assault if he:
>
>> (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life.

18 Pa.C.S. § 2702(a)(1). The REAP statute in its entirety reads:

> § 2705. Recklessly endangering another person
>
> A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

18 Pa.C.S. § 2705.

Finally, whether two offenses merge for sentencing is governed by Section 9765 of the Sentencing Code, which states the following:

> § 9765. Merger of sentences
>
> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and *all* of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765 (emphasis added). Thus, our analysis necessarily begins with a closer examination of the merger statute.

When construing a statute, we rely on the well-known tenets of statutory construction. It is well-settled that when interpreting a statute, the object of construction is to ascertain and effectuate the intention of the General Assembly. 1 Pa.C.S. § 1921(a). The plain language of a statute is the best indicator of such intent. 1 Pa.C.S. § 1921(b). When ascertaining the intent of the General Assembly, there is a presumption that the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable. 1 Pa.C.S. § 1922(1). Furthermore, the words of a statute shall be construed according to rules of grammar and according to their common and approved usage. 1 Pa.C.S. § 1903(a). Every statute shall be construed, if possible, to give effect to all its provisions. 1 Pa.C.S. § 1921(a). We will only look beyond the plain meaning of the statute where the words of the statute are unclear or ambiguous. 1 Pa.C.S. § 1921(c). Finally, we also presume that when enacting legislation, the General Assembly is familiar with extant law. *White Deer Twp. v. Napp,* 985 A.2d 745, 762 (Pa. 2009).

As we have held, "a plain reading of Section 9765 reveals the General Assembly's intent that crimes with different statutory elements be punished separately." *Baldwin,* 985

A.2d at 831.  Section 9765, itself a provision guiding our statutory construction, prescribes that we must consider the statutory elements of the offenses pursuant to which a party was convicted.  *See Anderson*, 650 A.2d at 21 ("Generally, the doctrine of merger is a rule of statutory construction designed to determine whether the legislature intended for the punishment of one offense to encompass that for another offense arising from the same criminal act or transaction.  If the legislature were to tell us that crime A merges into crime B, the problem would not arise, for the legislative intent would be manifest.  It is in cases where the legislature has not given direction that we must devise a rule.").

Contrary to Appellant's suggestion, Section 9765 does not require an evaluation of the specific facts as applied to the elements.  Had the General Assembly so required, it would have included language instructing us so.  Instead, the Legislature's guidance dictates that our analysis begins and ends with the statutory elements of each offense.[11]

---

[11] The dissent would adopt an "as-applied" approach, which requires the consideration of the case-specific facts underlying a conviction, to identify whether the statutory elements of two offenses require merger for sentencing purposes.  *See* Dissenting Op. at 1-2 (Donohue, J.).  In support, Justice Donohue focuses on the "single criminal act" language of Section 9765, and concludes that such "text indicates that the facts of the case are relevant, if not controlling, with respect to the merger of convictions for purposes of sentencing."  *Id.* at 4.  However, this approach artificially parses the statute, which mandates merger when "the crimes arise from a single criminal act *and all* of the statutory elements of one offense are included in the statutory elements of the other offense."  42 Pa.C.S. § 9765 (emphasis added).  Rather, the "single criminal act" language is a distinct prong that must be satisfied in order to determine if merger is appropriate.  Thus, even if the "single criminal act" prong may require an examination of the underlying facts of the charged offenses, *see Anderson*, 650 A.2d at 22, such requirement does not control the second distinct prong of examining if *all* the elements of one offense are included in the other.  We also find the dissent's reliance on Section 303.3(b) of the Sentencing Code, *see* Dissenting Op. at 4-5 (Donohue, J.), unpersuasive, as an unnecessary external reference to ascertain legislative intent when the statute's text is unambiguous.  *See* 1 Pa.C.S. §§ 1921(b) and (c).  As just discussed, in no way does the plain language of the "elements" prong of Section 9765 suggest that our courts review the underlying facts of the charged offenses.

The elements of REAP and the specific elements of aggravated assault relevant herein, require different elements of proof. Aggravated assault, pursuant to the relevant subsection, requires a person to cause serious bodily injury or an attempt to cause such bodily injury under circumstances manifesting extreme indifference to the value of human life. 18 Pa.C.S. § 2702(a)(1). REAP, by contrast, requires a person to place another person in actual danger of death or serious bodily injury. 18 Pa.C.S. § 2705. As was explicated by the Superior Court in *Cianci*, it is possible to commit one crime without committing the other. *Cianci*, 130 A.3d at 782. Since all of the statutory elements of REAP are not contained in aggravated assault, they do not merge for sentencing purposes pursuant to Section 9765.

Our decision in *Baldwin* supports this conclusion. The *Baldwin* decision emphasized that our primary question when considering a merger issue is the text of our statutes, and not the individual facts underlying a party's conviction. *See Baldwin*, 985 A.2d at 833-837. In support of his argument, Appellant cites to a passage from *Baldwin* where this Court states the following: "'[Section 9765] makes the legislature's intent with respect to merger manifest. That intent focuses solely on the elements of the offenses for which a criminal defendant has been convicted.'" Appellant's Brief at 10 (quoting *Baldwin*, 985 A.2d at 835). The *Baldwin* Court offered this passage after considering statutes that did not prohibit multiple types of conduct within one subsection, as does Section 2702(a)(1). Appellant himself points out the differences between the statutes considered in *Baldwin* versus those considered instantly. Appellant's Brief at 13 ("What the panel ignored is that *Baldwin* did not involve an analysis of statutory alternatives for different sections or subsections of a statute. . ."). As the construction of the statutes considered in *Baldwin* differ from those considered here, we disagree with Appellant's interpretation of footnote 6. This passage, offered in dicta, reminds trial courts to be specific in their

determinations regarding the particular subsection at issue. *See Baldwin*, 985 A.2d at 837, n.6 ("[W]hile Section 9765 indeed focuses on an examination of 'statutory elements,' we cannot ignore the simple legislative reality that criminal statutes often overlap and proscribe in the alternative several different categories of conduct . . . [Consequently,] we caution that trial courts must take care to determine which particular 'offenses,' *i.e.* violations of law, are at issue in a particular case.").[12]

Admittedly, our merger doctrine has "'not [been] altogether harmonious.'" *Baldwin*, 985 A.2d at 838 (Castille, J., concurring) (quoting *Commonwealth v. Sparrow*, 370 A.2d 712, 718 (Pa. 1977)). Before Section 9765, this Court struggled to articulate a workable rule in this arena. Compounding this issue is another legislative reality, which is that sometimes, our statutes are written in such a way so as to proscribe multiple types

---

[12] The dissent finds our analysis of *Baldwin* mistaken since the statutes at issue there did not involve "subcategorized offense convictions," like Section 2702(a)(1). Dissenting Op. at 6 (Donohue, J.). In this regard, Justice Donohue criticizes our treatment of *Baldwin*'s cautionary instruction in footnote 6, concluding that the instruction comes into play when "subcategorized offense convictions are at issue, as in the case at hand." *Id.* at 6-7. In support, she notes, "in fact, footnote 6 includes aggravated assault as an example of a criminal statute that proscribes conduct in the alternative and therefore requires 'examination of the elements of the crimes as charged.'" *Id.* at 7 (quoting *Baldwin*, 985 A.2d at 837 n.6). However, *Baldwin* specifically referenced "18 Pa.C.S. § 2702 (defining *seven* distinct violations of law)." *Baldwin*, 985 A.2d at 837 n.6 (emphasis added). Section 2702(a)(1), the language of which is unchanged since *Baldwin* was decided, was *one* of the seven then extant subsections defining the offense. *See* 18 Pa.C.S. § 2702(a)(1)-(7) *effective: January 31, 2005 to December 23, 2012*. Thus, *Baldwin* does not stand for further deconstructing the elements of an offense within a definitional subsection of the charging statute. This distinction is further supported by *Baldwin*'s citation in footnote 6 to *Commonwealth v. Johnson*, 874 A.2d 66, 71 n.2 (Pa. Super. 2005), which *Baldwin* described as a case that "recogniz[ed] that a particular *subsection* of a criminal statute, [*i.e.*, aggravated assault under Section 2701(a)(1)], may merge with another crime as a lesser-included offense even though a different *subsection* of that same statute, [*i.e.*, aggravated assault under Section 2701(a)(2)], may not." *Baldwin, supra.* (emphasis added).

of conduct within each subsection.[13] However, since the General Assembly enacted Section 9765 in 2002, the statute has evidenced the Legislature's intent on how sentencing courts must proceed when faced with a merger issue. Where, as here, an offense is defined within the same subsection by alternative acts or courses of conduct, we must defer to such legislative intent in doing so. *See* 1 Pa.C.S. § 1921(a). Should the Legislature intend otherwise, it is within its authority to create distinct offenses by separating those acts or courses of conduct into separate subsections.[14] It is not for this Court to intrude on the legislative sphere to create exceptions based on specific factual scenarios that require second-guessing or speculation regarding the basis of a fact-

---

[13] *See, e.g.*, Kidnapping, 18 Pa.C.S. § 2901(a)(3) ("[A] person is guilty of kidnapping if he unlawfully removes another a substantial distance under the circumstances from the place where he is found, or if he unlawfully confines another for a substantial period in a place of isolation, with [the intention to] . . . inflict bodily injury on or to terrorize the victim or another."); Criminal Trespass, 18 Pa.C.S. § 3503(a)(1)(i) ("A person commits [criminal trespass] if, knowing that he is not licensed or privileged to do so, he . . . enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof . . . ."); Robbery, 18 Pa.C.S. § 3701(a)(1)(iv) ("A person is guilty of robbery if, in the course of committing a theft, he . . . inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury . . . ."); Corruption of Minors, 18 Pa.C.S. § 6301(a)(1)(i) ("[W]hoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, . . . or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.").

[14] In response to this point, the dissent asserts that, despite the General Assembly's failure to place the subcategories of subsection (a)(1) into separate subsections, "their placement does not change the fact that the General Assembly identified two distinct theories of aggravated assault." Dissenting Op. at 8 (Donohue, J.). This argument overlooks the fact that the Legislature specifically included the two theories of aggravated assault as subcategories within one subsection. When interpreting a statute, our Court must abide by, and cannot ignore, such plain language specifically chosen by the General Assembly. *Baldwin*'s cautionary instruction did not concern the scenario involving subcategories of subsections. Therefore, *Baldwin* does not instruct us to examine the underlying facts of the charged offense when dealing with a statute that includes subcategorized offenses, such as Section 2701(a)(1) at issue here.

finder's verdict. Any indication that this Court should deviate from such an analysis is thus dispelled when looking at the General Assembly's clear and unambiguous language. Since the Superior Court abided by the language of the statute, it did not, as both Appellant and the Commonwealth suggest, construe the statute in an overly broad manner to bar merger. Accordingly, we affirm the Superior Court's decision.

Chief Justice Baer and Justices Saylor and Dougherty join the opinion.

Justice Donohue files a dissenting opinion in which Justices Todd and Wecht join.