J-S32009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAUN M. LONG | : | |
| | : | |
| Appellant | : | No. 1298 WDA 2020 |

Appeal from the Judgment of Sentence Entered June 25, 2020
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000755-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAUN M. LONG | : | |
| | : | |
| Appellant | : | No. 1299 WDA 2020 |

Appeal from the Judgment of Sentence Entered June 25, 2020
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000288-2018

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

JUDGMENT ORDER BY LAZARUS, J.:          **FILED:  November 4, 2021**

Shaun M. Long appeals from the judgment of sentence, entered in the
Court of Common Pleas of Venango County, after a jury convicted him of
numerous counts related to his delivery of Fentanyl to the victim, resulting in

her death.[1]   On appeal, Long argues that the trial court erred by failing to merge his convictions for involuntary manslaughter and drug delivery resulting in death for purposes of sentencing.  Long is entitled to no relief.

A claim that crimes should merge for sentencing purposes raises a non-waivable challenge to the legality of the sentence; thus, our standard of review is *de novo* and our scope of review is plenary.  **Commonwealth v. Edwards**, 256 A.3d 1130, 1136 (Pa. 2021).

Whether two offenses merge for sentencing is governed by section 9765 of the Sentencing Code, which provides as follows:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and **all of the statutory elements of one offense are included in the statutory elements of the other offense**.  Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

---

[1] Specifically, at docket C.R. 755-2017, Long was convicted of possession of a controlled substance, 35 P.S. § 780-113(a)(16), and possession with intent to use drug paraphernalia, *id.* at § 780-113(a)(32).  At docket C.R. 288-2018, Long was convicted of drug delivery resulting in death, 18 Pa.C.S.A. § 2506(a); hindering apprehension/prosecution by concealing or destroying evidence, *id.* at § 5105(a)(3); hindering apprehension/prosecution, *id.* at § 5105(a)(5); delivery of a controlled substance, 35 P.S. § 780-113(a)(30); involuntary manslaughter, 18 Pa.C.S.A. § 2504(a); abuse of corpse, *id.* at § 5510; false reports, *id.* at § 4906(b)(1); tampering with or fabricating physical evidence, *id.* at § 4910(1); and obstructing the administration of law or other governmental function, *id.* at § 5101.  By filing separate notices of appeal at each docket number, Long has complied with the dictates of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), which held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases."  **See** Pa.R.A.P. 341(a); **see also Commonwealth v. Johnson**, 236 A.3d 1141, 1148 (Pa. Super. 2020) (en banc).  We have consolidated Long's appeals *sua sponte*.  **See** Pa.R.A.P. 513.

42 Pa.C.S.A. § 9765 (emphasis added).

A person commits the offense of drug delivery resulting in death where

he:

intentionally administers, dispenses, delivers, gives, prescribes, sells[,] or distributes any controlled substance or counterfeit controlled substance in violation of section 13(a)(14) or (30) of the [] The Controlled Substance, Drug, Device and Cosmetic Act [("Act")], and another person dies as a result of using the substance.

18 Pa.C.S.A. § 2506(a).

A person is guilty of involuntary manslaughter when[,] as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person.

18 Pa.C.S.A. § 2504(a).

Our Supreme Court has recently reiterated that:

"a plain reading of [s]ection 9765 reveals the General Assembly's intent that crimes with different statutory elements be punished separately." [**Commonwealth v.**] **Baldwin**, [985 A.2d 830,] 831 ([Pa.] 2009). Section 9765, itself a provision guiding our statutory construction, prescribes that we must consider the statutory elements of the offenses pursuant to which a party was convicted. **See** [**Commonwealth v.**] **Anderson**, 650 A.2d [20,] 21 ([Pa.] 1994)[.]

[] Section 9765 does not require an evaluation of the specific facts as applied to the elements. Had the General Assembly so required, it would have included language instructing us so. Instead, **the Legislature's guidance dictates that our analysis begins and ends with the statutory elements of each offense**.

**Edwards**, 256 A.3d at 1137 (emphasis added).

Here, the crimes of drug delivery resulting in death and involuntary

manslaughter require different elements of proof. Drug delivery resulting in

death requires that the offender "intentionally administers, dispenses, delivers, gives, prescribes, sells[,] or distributes any controlled substance" in violation of the Act and, in doing so, causes the death of another. 18 Pa.C.S.A. § 2506(a). Involuntary manslaughter merely requires the "doing of an unlawful . . or . . . lawful act in a reckless or grossly negligent manner," thus causing the death of another. 18 Pa.C.S.A. § 2504(a). In addition to the offenses requiring different levels of *mens rea* for the predicate act ("intentionally" vs. "reckless or grossly negligent"), drug delivery resulting in death requires a violation of the Act, while involuntary manslaughter does not. Moreover, it is possible to commit involuntary manslaughter without committing drug delivery resulting in death. Accordingly, the crimes do not merge for purposes of sentencing. ***See Commonwealth v. Cianci***, 130 A.3d 780 (Pa. Super. 2015) (offenses do not merge for sentencing where each offense requires proof of element that is absent from other offense, and one offense can be committed without committing other offense). Long is, therefore, entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/4/2021